## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUADRANT 4 SYSTEM CORPORATION, | ) | Case No. 17-19689 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | |

## ORDER: (A) APPROVING THE SALE PROCESS AND BIDDING PROCEDURES WITH RESPECT TO SALE OF CERTAIN OF THE DEBTOR'S BUSINESS UNITS; (B) APPROVING FORM OF AND AUTHORIZING THE DEBTOR TO ENTER INTO STALKING HORSE ASSET PURCHASE AGREEMENTS; (C) APPROVING BID PROTECTION AND BREAK-UP FEES; (D) SCHEDULING A PUBLIC AUCTION AND SUBSEQUENT SALE HEARING; (E) AUTHORIZING THE SALE OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (F) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (G) APPROVING THE FORM OF NOTICE AND MANNER OF NOTICE OF SALE HEARING AND PROPOSED ASSUMPTION AND ASSIGNMENT

Upon the motion (the **"Motion"**) of Quadrant 4 System Corporation, debtor and debtor in possession (the **"Debtor"**) in the above-captioned chapter 11 case (the **"Chapter 11 Case"**), for, among other things, the entry of an order: (a) approving the sale process and bidding procedures with respect to sale of five (5) of the Debtor's business units; (b) approving form of and authorizing the Debtor to enter into stalking horse asset purchase agreements; (c) approving bid protection and break-up fees; (d) scheduling a public auction and subsequent sale hearing; (e) authorizing the sale of the assets of the Debtor free and clear of liens, claims, encumbrances and interests; (f) authorizing the assumption and assignment of executory contracts and unexpired leases; and (g) approving the form of notice and manner of notice of sale hearing and proposed assumption and assignment(the **"Bidding Procedures Order"**); it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors; adequate

notice of the Motion having been given to all parties entitled thereto; and it appearing that no

other notice need be given or is required under the circumstances; and after due deliberation and

sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT:[1]**

     A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue is proper in

this District and this Court under 28 U.S.C. §§ 1408 and 1409.

     B.    The Debtor has articulated good and sufficient reasons for approval of the bidding

procedures attached hereto as Exhibit A and made part hereof (the "**Bidding Procedures**")[2], the

"Bid Protection" and "Break-Up Fees", as those terms are defined below, and the selection of the

proposed stalking horse bidders in connection with the sale of substantially all of the Debtor's

assets pertaining to five (5) of its business units commonly referred to as: (a) U.S. Solutions

Business; (b) Hybrid Solutions Business; (c) Legacy Staffing Business; (d) QEDX Education

Platform; and India Solutions Business (collectively, the "**Subject Business Units**"), including

as pertaining solely to each of the Subject Business Units, the Debtor's intellectual and

intangible property, receivables, customer contracts, employee contracts (including with all

immigration related employees), certain books and records, certain fixed assets, licenses, certain

executory contracts and unexpired leases (collectively, the "**Acquired Assets**").

     C.    The Bidding Procedures and the Bid Protection are reasonable and appropriate to

maximize the return on the assets of the Debtor.

---

[1] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Bidding Procedures.

D.      The bid protection to the Stalking Horse Bidders requiring that any competing Bid be in the amounts at least equal to that set forth in the Sale Motion and Bidding Procedures (the "**Bid Protection**") higher than the "Stalking Horse Offers", as defined below, is fair and warranted, as are the break-up fees set forth therein (the **"Break-Up Fees"**), taking into account the cash and other consideration to be provided by the Stalking Horse Bidders, was established by the Debtor and negotiated by the parties in good faith and at arm's length, and is: (i) commensurate with the real and substantial benefit that the Stalking Horse Bidders have conferred to the Debtor's estate; (ii) reasonable and appropriate, in light of the size and nature of the proposed sales, the commitments that have been made by the Stalking Horse Bidders to date, and the efforts that the Stalking Horse Bidders have and will continue to expend; and (iii) necessary to induce the Stalking Horse Bidders to continue to pursue the sale and to enter into the Asset Purchase Agreements attached to the Sale Motion Exhibits A - E and by express reference made part hereof (the **"Stalking Horse Offers"**).

E.      The Bid Protection and Break-Up Fees are essential inducements and conditions relating to the entry by the Stalking Horse Bidders into, and their continuing obligations under, the Stalking Horse Offers. Unless the Stalking Horse Bidders are assured that the Bid Protection and Break-Up Fees will be made in the circumstances described herein and in the Stalking Horse Offers, the Stalking Horse Bidders are unwilling to remain obligated to purchase the Acquired Assets of the Debtor or be otherwise bound under the Stalking Horse Offers (including the obligation to maintain its offer while such offer is subjected to higher or otherwise better offers as contemplated by the Bidding Procedures). The Bid Protection and Break-Up Fees has induced the Stalking Horse Bidders to submit bids that will serve as a minimum or floor bid on which the Debtor, its creditors, and other bidders can rely. The Stalking Horse Bidders will

provide a material benefit to the Debtor and its creditors by increasing the likelihood that the best

possible purchase price for the assets of the Debtor will be received.

     F.     Accordingly, the entry of this Bidding Procedures Order is in the best interests of

the Debtor, its estate, creditors and other parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, EFFECTIVE IMMEDIATELY:

     1.     The Motion is hereby granted in part and to the extent provided herein.

     2.     The Bidding Procedures, including the Bid Protection, Break-Up Fees, and all

deadlines set forth in the Bidding Procedures, and the Bid Protection and Break-Up Fees are

approved in all respects subject to the terms hereof.

     3.     The Stalking Horse Offers are each hereby approved subject to competing bids

pursuant to the Bidding Procedures, and the Debtor is authorized to execute the Stalking Horse

Offers as the stalking horse offer for the Acquired Assets of each of the Subject Business Units.

     4.     All persons or entities who submit a Qualifying Bid for any of the assets of the

Debtor shall be deemed to have read and understood the terms and conditions of the Bidding

Procedures and shall comply with and be bound by such Bidding Procedures.

     5.     All objections to the Bidding Procedures, the Bid Protection and the Break-Up

Fees that have not been withdrawn, waived or settled, and all reservations of rights included

therein, are hereby denied and overruled.

     6.     The Debtor is hereby authorized and empowered to take such steps and to execute

such documents as may be necessary to implement and effect the terms and requirements of this

Bidding Procedures Order.

7.    The notice of hearing and auction dates for the sale (the **"Sale"**) of the Acquired Assets of the Debtor and related deadlines, attached hereto as Exhibit B (the **"Sale Notice"**) is hereby approved and shall be served by the Debtor as further provided herein.

8.    An auction (the **"Auction"**) for the assets of the Debtor shall take place on Monday, August 14, 2017 at 10:00 a.m. (Central time) at the offices of Adelman & Gettleman, Ltd., 53 West Jackson Blvd., Suite 1050, Chicago, Illinois 60604, or such later time or other places as the Debtor shall notify all Qualifying Bidders.  In the event that the Stalking Horse Offers, or any of them, are the only Qualifying Bidder for the Subject Business Unit, the Debtor shall have the right to cancel the Auction as to that Subject Business Unit(s), and proceed directly to the Sale Hearing to seek entry of a sale order approving the Stalking Horse Offer(s).

9.    The Court shall conduct a hearing to consider the approval of the Sale and the additional relief requested in the Motion (the **"Sale Hearing"**), on **Thursday, August 17, 2017 at 11:00 a.m. (Central time)** at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 682 in the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or such later time or other place as the Debtor shall notify all Qualifying Bidders.

10.    The deadline for the submission of the Qualifying Bids shall be on or before 5:00 p.m. (Central time) on Tuesday, August 8, 2017.

11.    All objections to the Sale must be in writing and filed on or before 5:00 p.m. (Central time) on Tuesday, August 15, 2017, with the Clerk of the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 S. Dearborn Street, Room 710, Chicago, Illinois (**"Clerk of the Court"**).  Any written objections must state with particularity the legal and factual bases for the objection and identify the specific grounds

therefor. Failure of any entity to file a written objection before the Sale Hearing shall be deemed

to constitute consent to the relief requested in the Motion, including, without limitation, the sale

of the Acquired Assets pursuant to the Prevailing Bid or the Runner-Up Bid, as the case may be.

12.    At the Auction, the Debtor shall be entitled and is hereby authorized, subject to

further order of this Court, to offer to sell the Acquired Assets free and clear of all liens, claims,

encumbrances and interests consistent with the terms and conditions set forth in the Motion and

the Bidding Procedures.

13.    On or before August 9, 2017, the Debtor will file a notice (the **"Assignment**

**Notice")** with the Court and serve same, by facsimile or email delivery, on each non-debtor party

to any executory contract or unexpired lease which the Debtor may elect to assume and assign in

conjunction with the Sale as identified by Qualifying Bidders (the **"Contracts and Leases,"** and

each, a **"Contract/Lease"**). The Assignment Notice, which shall be substantially in the form

attached hereto as Exhibit C, shall (a) state the cure amounts that the Debtor believes is

necessary to assume and assign such Contract/Lease pursuant to section 365 of the Bankruptcy

Code (the **"Cure Amount(s)"**), and (b) notify the non-debtor party that such party's

Contract/Lease may be assumed and assigned to a purchaser of the Acquired Assets to be

identified at the conclusion of the Auction (the **"Proposed Assumption/Assignment"**).

14.    Unless the non-debtor party to an Contract/Lease files a written objection with the

Clerk of the Court before the Sale Hearing or presents an oral objection at the Sale Hearing (the

"**Assignment Objection**") to (a) their scheduled Cure Amount and/or (b) the Proposed

Assumption/Assignment, then such non-debtor party (x) will be forever barred from objecting to

the Cure Amount and from asserting any additional cure or other amounts with respect to such

Contract/Lease, and the Debtor shall be entitled to rely solely upon the Cure Amount, and (y)

will be deemed to have consented to the assumption, assignment and/or transfer of such

Contract/Lease, and will be forever barred and estopped from asserting or claiming against the

Debtor, the Prevailing Bidder and/or the Runner-Up Bidder, or any other assignee of the relevant

Contract/Lease, that any additional amounts are due or defaults exist, or conditions to

assumption, assignment and/or transfer must be satisfied, under such Contract/Lease, including

but not limited to adequate assurance of future performance of the Prevailing Bidder and/or the

Runner-Up Bidder, or any other assignee of the relevant Contract/Lease.

15.     If a non-debtor party to a Contract/Lease files a written Assignment Objection

challenging a Cure Amount, the objection must set forth the cure amount being claimed by the

objecting party with the appropriate documentation in support thereof. Upon receipt of an

Assignment Objection based on the Cure Amount or otherwise, the Debtor is authorized, but not

directed, to resolve such Assignment Objection by mutual agreement with the objecting party to

any Contract/Lease without further order of the Court. In the event that the Debtor and any

objecting party are unable to consensually resolve any Assignment Objection prior to the Sale

Hearing, the Court will resolve any such Assignment Objection at the Sale Hearing.

16.     The Sale Notice and Assignment Notice to be issued in connection with the

proposed Sale substantially in the forms attached hereto as Exhibit B and Exhibit C, respectively,

are hereby approved and made a part hereof.

17.     The Sale Hearing may be adjourned, from time to time, without further notice to

creditors or other parties in interest by announcement of said adjournment in open court.

18.     Pursuant to Bankruptcy Rules 2002(a), 2002(d) and 6004, and with the following

manner of notice being hereby found to be adequate and sufficient notice of the relief sought in

the Motion, including the sale of the Acquired Assets and the assumption and assignment of the

Contracts and Leases, the Debtor be and is hereby ordered and directed to: (a) serve a copy of the Sale Notice to (collectively, the **"Notice Recipients"**): (i) the Office of the United States Trustee for the Northern District of Illinois; (ii) counsel for the Stalking Horse Bidders; (iii) counsel for the official committee of unsecured creditors in the Chapter 11 Cases (the **"Committee"**); (iv) all other entities that have filed requests for notices pursuant to Rule 2002 of the Bankruptcy Rules; (v) all persons or entities reasonably known by the Debtor to have a lien on any of the Acquired Assets to be sold; (vi) all counterparties to the Contracts and Leases, including the License Agreements; (vii) all taxing authorities identified in the Bankruptcy Schedules filed in the Chapter 11 Case; (viii) any other applicable state taxing authorities for each state where the Acquired Assets are located; and (ix) all other creditors in the Chapter 11 Case, by regular mail within one (1) business day of entry of this Bidding Procedures Order; and (b) as to the Debtor's equity security holders, within two (2) business days of the entry of the Bidding Procedures Order, the Debtor shall file a Form 8-K with the U.S. Securities and Exchange Commission with a copy of the Sale Notice attached thereto.

19.    Any Notice Recipient may obtain a copy the Motion and exhibits thereto, the Bidding Procedures Order, the Bidding Procedures, the Stalking Horse Offers, and/or the proposed Sale Order for the Acquired Assets by accessing the case docket maintained by the Clerk of the U.S. Bankruptcy Court or upon written request to the Debtor's counsel at the address below. Any inquiries regarding the Sale may also be directed to counsel for the Debtor, Adelman & Gettleman, Ltd., Attn: Chad H. Gettleman and Nathan Q. Rugg, 53 West Jackson Blvd., Chicago, Illinois 60604 (chg@ag-ltd.com and nqr@ag-ltd.com).

20.    Except as otherwise provided in this Bidding Procedures Order, the Debtor reserves the right, as it may reasonably determine to be in the best interests of its estate after

consultation with the Debtor's financial consultants, Silverman Consulting, Inc. (**"Silverman Consulting"**); the Debtor's investment bankers, Livingstone Partners, LLC (**"Livingstone"**); the Debtor's senior secured lender, BMO Harris Bank, N.A. (**"BMO"**), and the Committee, to: (a) determine which bidders are Qualifying Bidders; (b) determine which bids are Qualifying Bids; (c) determine which Qualifying Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; and (d) reject any bid that is: (i) inadequate or insufficient; (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code; or (iii) contrary to the best interests of the Debtor and its estate, provided, however, that no bid shall be rejected solely on the basis that it is a credit bid. The Debtor, in consultation with Silverman Consulting, Livingstone, BMO, and the Committee, further reserves all rights, subject to further order of this Court as may be necessary, to impose, at or prior to the Auction, additional terms and conditions on the sale of the Acquired Assets, to extend or adjourn any deadlines set forth herein, and to take any other actions with respect to the Auction, the Sale Hearing or the sale of the Acquired Assets which in its business judgment, upon consultation with Silverman Consulting, Livingstone, BMO, and the Committee, are reasonably necessary to preserve the bankruptcy estate or maximize the value thereof and which are not substantially inconsistent with the Bidding Procedures, the Stalking Horse Offers, or any order of the Court.

21.     The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bidding Procedures Order shall be effective immediately upon its entry.

22.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order.

23.     Nothing contained herein shall create any standing or rights in any other person or

bidder (including, without limitation, rights as third party beneficiaries or otherwise) other than

as expressly granted to the Prevailing Bidder and any Runner-Up Bidder.

24.     The Debtor (including any successor in interest), and the Prevailing Bidder(s) and

Runner-Up Bidder(s) (collectively, the **"Parties"**) shall make reasonable efforts to retain and

preserve all books, records, emails, and other documents relevant to the Debtor's business prior

to the commencement of the Chapter 11 Case and/or the claims made against the Debtor and

other defendants in that certain matter entitled, *U.S. Securities and Exchange Commission v.*

*Quadrant System Corporation. et al.*, Civil Action No. 17-cv-4883 (N.D. Ill.) prior to the

commencement of the Chapter 11 Case that are in the possession, custody or control of each

Party immediately following the Closing(s), and shall provide each Party and the U.S. Securities

and Exchange Commission (**"SEC"**) with reasonable access to all such documents upon written

request from the SEC and during normal business hours.  No Party shall knowingly destroy or

otherwise abandon any such documents or records without providing the other Parties and the

SEC at least 60 days' prior written notice of its intent to abandon or destroy such materials, and a

reasonable opportunity to obtain possession thereof.

25.     BMO (or its designee) is hereby deemed a Qualifying Bidder (as defined in the

Bidding Procedures) and shall be entitled to: (i) immediate access to all information concerning

the Debtor that is otherwise available to all Potential Bidders (as defined in the Bidding

Procedures); and (ii) credit bid all or a portion of its claim against the Debtor, without otherwise

complying with the Bidding Procedures.  Any Bid submitted by BMO, regardless of the amount

of such Bid, is hereby deemed a Qualifying Bid.

26.   This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement or interpretation of this Bidding Procedures Order.

Dated: _____7/11/17_____          ENTER: 

JUL 1 1 2017

UNITED STATES BANKRUPTCY JUDGE

*This order prepared by:*

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
NATHAN Q. RUGG, ESQ. (ARDC #6272969)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd, Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
chg@ag-ltd.com
nqr@ag-ltd.com

**Counsel for the Debtor**

**EXHIBIT A – BIDDING PROCEDURES**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUADRANT 4 SYSTEM CORPORATION, | ) | Case No. 17-19689 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |

## BIDDING PROCEDURES

The procedures set forth below (the "**Bidding Procedures**") reflect the process through which Quadrant 4 System Corporation, the above-captioned debtor and debtor in possession (the "**Debtor**") shall, among other things, market and offer substantially all of its assets related to its "Subject Business Units", as defined below, (the "**Acquired Assets**") for a public sale through a competitive bidding process (the "**Auction**") in the above-captioned Chapter 11 case (the "**Chapter 11 Case**"). These Bidding Procedures were approved by that certain order dated July 11, 2017 [Docket No. ____] (the "**Bidding Procedures Order**"), of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "**Court**") pursuant to that certain *Motion of the Debtor for the Entry of an Order: (A) Approving the Sale Process and Bidding Procedures with Respect to Sale of Certain of the Debtor's Business Units;(B) Approving Form of and Authorizing the Debtor to Enter Into Stalking Horse Asset Purchase Agreements; (C) Approving Bid Protection and Break-up Fees; (D) Scheduling a Public Auction and Subsequent Sale Hearing; (E) Authorizing the Sale of the Assets of the Debtor Free and Clear of Liens, Claims, Encumbrances and Interests; (F) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (G) Approving the Form of Notice and Manner of Notice of Sale Hearing and Proposed Assumption and Assignment* (the "**Sale Motion**") filed on June 30, 2017 [Docket No. 19].

### (1)   Assets to be Sold

The Acquired Assets to be sold consist of substantially all of the Debtor's assets pertaining to five (5) of its business units commonly referred to as: (a) "U.S. Solutions Business"; (b) "Hybrid Solutions Business"; (c) "Legacy Staffing Business"; (d) "QEDX Education Platform"; and (e) "India Solutions Business", as those terms are defined in the Sale Motion (collectively, the "**Subject Business Units**"), including as pertaining solely to each of the Subject Business Units, the Debtor's intellectual and intangible property, receivables, customer contracts, employee contracts (including with all immigration related employees), certain books and records, certain fixed assets, licenses, and certain executory contracts and unexpired leases. The Acquired Assets of each of the Subject Business Units are being sold in bulk. Subject to the terms set forth below, competing bids can be for any one of the Subject Business Units or any combination thereof.

1

**(2)      Qualification of Bidders**

Only "Qualifying Bidders", as defined below,  will be permitted to participate at the Auction. To be a Qualifying Bidder, a potential bidder ("**Potential Bidder**") must, in addition to satisfying any other conditions required pursuant to these Bidding Procedures:

> (a)  submit a "Qualifying Bid" on or prior to the "Bid Deadline", as those terms are defined below; and

> (b)  concurrently with the delivery of such Qualifying Bid, submit: (i) evidence of sufficient liquid assets or available financing necessary to consummate the proposed transaction (no financing contingency of any kind or nature will be acceptable); (ii) such other financial information concerning the Potential Bidder as may be reasonably requested by the Debtor, Silverman Consulting, Inc. (**"Silverman Consulting"**), the Debtor's financial consultants, and/or Livingstone Partners, LLC ("**Livingstone**"), the Debtor's investment bankers (collectively, the **"Bidder Financial Information"**); and (iii) the "Deposit", as defined below.

**(3)      Due Diligence**

The Debtor, with the assistance of Silverman Consulting and Livingstone, will provide Potential Bidders with reasonable due diligence information with respect to the Acquired Assets, including access to an electronic data room, prior to the Bid Deadline (the "**Diligence Materials**"). Such Diligence Materials shall include all Exhibits to the "Stalking Horse Offers", as defined below, that are indicated as "to be attached" or "redacted". Any Potential Bidder desiring to review the Diligence Materials shall be required to execute a non-disclosure agreement in the form and substance acceptable to the Debtor.

The period for conducting due diligence will end at the Bid Deadline. All information requests made during the due diligence period shall be deemed fully satisfied on the Bid Deadline. By participation in the Auction, all Potential Bidders are deemed to have agreed and acknowledged that they have had sufficient and reasonable access to the Acquired Assets, the Diligence Materials, and all relevant information for purposes of conducting due diligence with respect to its "Bid", as defined below.

**(4)      Qualifying Bid Requirements**

For a bid (the "**Bid**") from a Potential Bidder to be considered a qualifying bid pursuant to and in conformance with these Bidding Procedures (the "**Qualifying Bid**"), the Bid must satisfy the following requirements:

    (a)      Subject Business Unit:  A Bid may be made for any of the Subject Business Units, or in any combination thereof, but, in bulk as to the Acquired Assets identified in the "APA Form", as defined below, of any of the Subject Business Units which are the subject of the Bid.

2

(b)     Form:  The Bid must be a bona fide, binding and duly executed written offer which may be, but is not required to be, in the form substantially similar to the Stalking Horse Offers ("**APA Form**"), each of which are filed as an exhibit to the Sale Motion. If the Bid is based on the APA Form, the Bid must also include a redlined or blacklined version of the APA Form, showing all changes made to the APA Form by the party submitting the Bid. The Debtor will make available any or all of the Stalking Horse Offers in a modifiable format to any Potential Bidder upon request.

(c)     Cash Offer:  The Bid must provide for the payment of cash at closing in immediately available U.S. funds.

(d)     Stalking Horse Offers:  The Bidding Procedures Order has approved the following bids (collectively, the "**Stalking Horse Offers**"):

(i)     Offer of First Tek, Inc., a New Jersey corporation, dated as of June 22, 2017, for the purchase of the Legacy Staffing Business in the amount of $2,000,000.00.

(ii)    Offer of Aspire Systems, Inc., an Oregon corporation, dated as of June 23, 2017, for the purchase of the U.S. Solutions Business in the amount of $2,200,000.00.

(iii)   Offer of Aspire Systems, Inc., an Oregon corporation, dated as of June 23, 2017, for the purchase of the Hybrid Solutions Business in the amount of $2,000,000.00.

(iv)    Offer of First Tek, Inc., a New Jersey corporation, dated as of June 28, 2017, for the purchase of the QEDX Education Platform in the amount of $700,000.00.

(v)     Offer of First Tek, Inc., a New Jersey corporation, dated as of June 29, 2017, for the purchase of the India Solutions Business in the amount of $500,000.00.

(e)     Initial Overbid Amount ("**Bid Protection**"):  The Bid must provide for aggregate consideration greater than the respective Stalking Horse Offers of at least:

(i)     For the Legacy Staffing Business - $100,000;

(ii)    For the U.S. Solutions Business - $200,000;

(iii)   For the Hybrid Solutions Business - $180,000; and

(iv)    For the QEDX Education Platform - $75,000; and

(v)     For the India Solutions Business - $50,000.

(f)   Deposit: The Bid shall be accompanied by a cashiers' check or wire transfer to be held as an earnest money deposit subject to the jurisdiction of the Court and held in a non-interest bearing IOLTA trust account maintained by the Debtor's counsel, Adelman & Gettleman, Ltd., at JPMorgan Chase Bank, N.A., in immediately available U.S. funds (wire transfer instructions available upon request), and in an amount equal to no less than (the "**Deposit**"):

     (i)   For the Legacy Staffing Business - $200,000;

     (ii)   For the U.S. Solutions Business - $220,000;

     (iii)   For the Hybrid Solutions Business - $200,000;

     (iv)   For the QEDX Education Platform - $77,500; and

     (v)   For the India Solutions Business - $57,500.

(g)   Evidence of Performance: The Bid must contain the representation of the Potential Bidder that such bidder has the ability to close on the transaction proposed in its Bid, accompanied by sufficient supporting documentation identifying the specific funding sources which support said representation. Any financing commitment or bank letter must be unconditional as determined by the Debtor in its sole discretion. To the extent not earlier provided, all Bidder Financial Information must accompany the Bid.

(h)   Irrevocable With No Contingencies: The Bid must: (i) remain irrevocable until the approval of a "Prevailing Bid" and, if applicable, a "Runner-Up Bid" at the "Sale Hearing", as those terms are defined below; (ii) if approved at the Sale Hearing as either the Prevailing Bid or the Runner-up Bid, remain irrevocable for a period of the lesser of (a) the closing of the Prevailing Bid, or (b) twelve (12) business days after the conclusion of the Sale Hearing; (iii) not be conditioned upon obtaining financing; and (iv) contain sufficient assurances that the Potential Bidder's representative is legally empowered, by power of attorney or otherwise, to both bid on behalf of the Potential Bidder and also to complete and sign, on behalf of the Potential Bidder, a binding and enforceable Bid, including as such Bid may be revised at the Auction.

(i)   Identity of the Potential Bidder: The Bid must disclose: (i) the identity of the Potential Bidder; and (ii) be accompanied by written disclosure of: (A) each entity participating with the Potential Bidder in connection with such Bid, if any; and (B) the complete terms of such participation.

(j)   Employment or Consulting Agreement: The Bid must disclose the material terms and conditions of any contemplated employment or consulting agreement with any former or current insider of the Debtor.

(k)   AS-IS, WHERE-IS: The Bid must contain an express acknowledgement that the sale of the Acquired Assets shall be on an "**AS-IS, WHERE-IS**" basis without representation or warranty of any kind or nature by the Debtor, its bankruptcy estate or its agents

or representatives, other than as expressly set forth substantially in the form of the respective Stalking Horse Offers. Each Potential Bidder shall be deemed to have relied solely upon its own investigation, inspection and review of the Acquired Assets, the Debtor's books and records and the Diligence Materials and not upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Acquired Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in its Qualifying Bid.

(l)    Corporate Authority: The Bid must contain written evidence that the Potential Bidder has obtained all necessary corporate, limited liability company, or similar organizational authority, including all internal consents, necessary for it to close and fund the proposed transaction.

(m)    Closing: The Bid must provide for a closing of the sale of the Acquired Assets at the offices of the Debtor's counsel at 10:00 a.m. on August 18, 2017 (presuming the prior entry of the "Sale Order", as defined below, or such other location, time and date as shall be mutually agreed upon by the parties, but in no event later than August 25, 2017 (the "**Closing**").

(5)    **Deadline for Submitting Qualifying Bids**

Any Potential Bidder desiring to qualify for participation in the Auction must deliver a Qualifying Bid in writing (including via e-mail or facsimile) to: (a) Livingstone Partners, LLC, 443 North Clark St., Chicago, IL 60654, Attn: Joseph Greenwood greenwood@livingstonepartners.com; (b) Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, IL 60604, Attn: Chad H. Gettleman and Nathan Q. Rugg, chg@ag-ltd.com and nqr@ag-ltd.com, (312) 435-1059 (fax); and (c) Sugar Felsenthal Grais & Hammer LLP, 30 N. LaSalle St., Suite 3000, Chicago, IL 60602, Attn: Aaron L. Hammer and Michael A. Brandess, ahammer@sugarfgh.com and mbrandess@sugarfgh.com, 312-372-7951 (fax), that is actually received by **no later than 5:00 p.m. (Central time), on or before Tuesday, August 8, 2017** (the "**Bid Deadline**"). Bids received after the Bid Deadline will not be considered, except as the Debtor may otherwise determine in its sole discretion.

(6)    **Designation of Qualifying Bids**

No later than Thursday, August 10, 2017, the Debtor, in its sole discretion and in the exercise of its reasonable business judgment, but following consultation with Silverman Consulting, Livingstone, the Debtor's senior secured lender, BMO Harris Bank, N.A. ("**BMO**"), and, the official committee of unsecured creditors appointed in the Chapter 11 Case ("**Committee**"), shall designate those Bids, if any, that are Qualifying Bids, and those Potential Bidders as qualifying bidders pursuant to the terms of these Bidding Procedures (each a "**Qualifying Bidder**"). The Debtor shall notify each entity that has submitted a Qualifying Bid, by electronic mail, that it is deemed to be a Qualifying Bidder and its Bid has been designated as a Qualifying Bid.

For avoidance of doubt, the Stalking Horse Offers shall constitute a Qualifying Bid for each of their respective Subject Business Units and the Stalking Horse Bidders shall each be a Qualifying Bidder without further notice, act or deed.

If the Stalking Horse Offers are the only Qualifying Bids received by the Bid Deadline for the Subject Business Unit(s), then the Debtor will cancel the Auction as to the Subject Business Unit(s) and, at the Sale Hearing, shall request: (a) that the Stalking Horse Offer(s) for the Subject Business Unit(s) be deemed the highest and best offer for the Acquired Assets of the Subject Business Unit and shall constitute the Prevailing Bid; (b) that it be granted authority to proceed to close the sale of the Acquired Assets to the Stalking Horse Bidder for the Subject Business Unit(s); and (c) that the Court approve and enter an order approving the sale of the Acquired Assets to the Stalking Horse Bidder(s) for the Subject Business Unit(s) (the "**Sale Order**").

Notwithstanding any provision to the contrary herein, BMO (or its designee) is entitled, pursuant to 11 U.S.C. § 363(k), to credit bid all or a portion of its claim against the Debtor, without otherwise complying with the Bidding Procedures, including, without limitation, the requirement that all Qualifying Bids be accompanied by the Deposit. In addition, in the event BMO elects to credit bid all or a portion of its claim against the Debtor: (a) BMO shall not be required to submit its Bid until twenty-four (24) hours after the Bid Deadline (and any extended Bid Deadline); and (b) BMO's Bid, regardless of the amount, shall be deemed a Qualifying Bid. BMO shall also be entitled to all information generally available to other Potential Bidder.

### (7)   <u>Auction Procedures and Selection of Prevailing Bid and the Runner-Up Bid</u>

If, in addition to the Stalking Horse Bidders, one or more Qualifying Bidder submits a Qualifying Bid to the Debtor for the purchase of the Acquired Assets, the Auction will be commenced on **Monday, August 14, 2017, at 10:00 a.m. (Central time) at the offices of Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, IL 60604**, or at such later time or other place as the Debtor shall advise all Qualifying Bidders. The Auction shall be conducted in the presence of a certified court reporter for purposes of creating and preserving a record of the Auction. The Stalking Horse Offer shall be the opening bid at the Auction.

The Debtor will not consider Bids at the Auction other than Qualifying Bids. The only persons who will be permitted to bid at the Auction are Qualifying Bidders. The Qualifying Bidder(s) must appear in person at the Auction or through a duly-authorized representative, unless alternate arrangements are made which are acceptable to the Debtor. If multiple Qualifying Bids are received, each Qualifying Bidder shall have the right to continue to increase its Qualifying Bid at the Auction, provided that all further Bids remain Qualifying Bids as determined in accordance with these Bidding Procedures.

The identity of each Qualifying Bidder at the Auction and the material terms of its Qualifying Bid will be fully disclosed to all other Qualifying Bidders at the Auction. The Debtor may impose additional conditions at the Auction to confirm that the Auction and the sale of the Acquired Assets are fair and free from any collusion or other impropriety.

Bidding will commence with the Stalking Horse Offer, with subsequent bids following for each of the Subject Business Units, to be first in the amount of the Bid Protection set forth above, and for all bids thereafter in increments of not less than $50,000 (for the Legacy Staffing, U.S. Solutions and Hybrid Solutions Businesses), and $25,000 (for the QEDX Education Platform and India Solutions Business) (or such other amounts as announced and determined by the Debtor, from time to time during the course of the Auction).

Upon the conclusion of the Auction, the Debtor shall, in its sole discretion and in the exercise of its reasonable business judgment, upon consultation with Silverman Consulting, Livingstone, BMO and the Committee, determine from the Qualifying Bids the highest and best offer(s) for the Acquired Assets of each of the Subject Business Units (the "**Prevailing Bid(s)**"). The Debtor also may determine, in the exercise of its business judgment, the next highest and best Qualifying Bid(s) for each of the Subject Business Units after the Prevailing Bid(s) (the "**Runner-Up Bid(s)**"). By participating at the Auction each Qualifying Bidder shall be deemed to have unconditionally agreed that their Qualifying Bid made may serve as a Runner-Up Bid at the price of such bid (as it may be increased at the Auction).

In determining the Prevailing Bid(s) and the Runner-Up Bid(s), the Debtor shall consider all factors it deems relevant, including without limitation, the payment of any expenses and/or the assumption any liabilities, and the impact of same on the net recovery to the bankruptcy estate, the ability of such Qualifying Bidder to satisfy any conditions or requirements, and the timing of any necessary government approval(s) related to such Qualifying Bidder. The Debtor may, in its sole discretion, reject at any time before the conclusion of the Auction, any Qualifying Bid that is, in the Debtor's business judgment (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the sale of the Acquired Assets for a Subject Business Unit, or (c) contrary to the best interests of the Debtor, its bankruptcy estate, its creditors and other interested parties. In addition, the Debtor shall have the right, in its sole discretion, to waive or impose terms and conditions of sale as it may determine to be in the best interests of its estate, its creditors and other parties in interest.

Notwithstanding anything contained in these Bidding Procedures, any Qualifying Bid, whether the Stalking Horse Offers, the Prevailing Bids, the Runner-Up Bids, or other Bid, shall not be binding upon, or accepted by, the Debtor until approved by the Court in accordance with the Bankruptcy Code and Bankruptcy Rules, and the entry of the Sale Order.

## (8)    Return of Deposits

Any entity that submitted a Deposit and is not designated a Qualifying Bidder shall have its Deposit returned on or before the third (3rd) business day after the designation of Qualifying Bids under these Bidding Procedures. Except as otherwise set forth herein, as soon as is practicable after the conclusion of the Sale Hearing, the Debtor shall cause to be returned to each unsuccessful Qualifying Bidder's Deposit. The Deposit of the Qualifying Bidder who submits the Runner-Up Bid(s) (the "**Runner-Up Bidder(s)**") shall be returned in accordance with paragraph 10 herein.

**(9)    Sale Hearing**

Any Qualifying Bid(s) that is determined by the Debtor in accordance with these Bidding Procedures as the Prevailing Bid(s) or the Runner-Up Bid(s) will be subject to approval by the Court. The hearing to approve the Prevailing Bid(s) and designation of the Runner-Up Bid(s) as an alternative Prevailing Bid(s) (the "**Sale Hearing**") will be held before the Honorable Jack B. Schmetterer, United States Bankruptcy Judge, in the **United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 682, in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois at Thursday, August 17, 2017 at 11:00 a.m. (Central time),** or such other time as may be ordered by the Court and announced by the Debtor to all Qualifying Bidders at the Auction.

The Debtor will seek approval of the sale of the Acquired Assets for each of the Subject Business Units pursuant to 11 U.S.C. §§ 105 and 363, free and clear *to the fullest extent permitted by law* of all liens, claims, encumbrances and interests, options, rights of first refusal, contractual rights and interests, charges and liabilities of any kind or nature, whether arising before or after the commencement of the Chapter 11 Case and whether in law or equity or otherwise (the "**Encumbrances**"), *provided however* that all valid, perfected and enforceable Encumbrances in and with respect to the Acquired Assets shall attach to the proceeds of the Acquired Assets in the manner and with the same priority as provided in applicable orders of the Court and established under the Bankruptcy Code and the Bankruptcy Rules.

**(10)    Failure to Close the Purchase of the Acquired Assets**

If any Qualifying Bidder making a Prevailing Bid fails to timely consummate the purchase of the Acquired Assets at Closing because of a breach, default or failure to perform on the part of such Qualifying Bidder pursuant to the terms of such Prevailing Bid, then all of such Qualifying Bidder's rights to its Deposit shall terminate and the Deposit shall constitute the property of the Debtor's bankruptcy estate and be retained as liquidated damages in full satisfaction of any damages the Debtor may have incurred.

In the event the party making a Prevailing Bid refuses or is otherwise unable to close in accordance with the terms thereof on or prior to August 25, 2017, then, in such event, the Debtor, in its sole and absolute discretion may accept the Runner-Up Bid to such Bid in writing to such bidder within two (2) business days thereafter, in which case, the Runner-Up Bidder shall be required to consummate the transactions contemplated in the Runner-Up Bid at the purchase price so offered without further act, deed or order of Court within the following five (5) business days after such acceptance. If the Debtor fails to timely notify the Runner-Up Bidder, then the Runner-Up Bid shall be considered null and void and of no legal effect whatsoever upon the Debtor's return of the Deposit to such party which shall occur within three (3) business days after the conclusion of such two (2) business day notice period, and each party shall otherwise suffer its own losses, costs, expenses or damages arising out of, under or related to the underlying asset purchase agreement.

8

The Runner-Up Bidder(s) shall be subject to these Bidding Procedures as if the Runner-Up Bidder(s) were originally determined to have submitted the Prevailing Bid(s).

### (11)   Reservation of Rights

Subject to the terms of the Stalking Horse Offers, and Court approval as necessary, the Debtor further reserves the right, as it may reasonably determine to be in the best interests of the bankruptcy estate and its creditors, to: (a) extend any deadline established pursuant to the Bidding Procedures; (b) adjourn, continue or cancel the Auction and/or Sale Hearing at any time without further notice; (c) withdraw any of the Acquired Assets from the Auction or the sale process; and (d) impose such other or additional reasonable terms and conditions on the sale of the Acquired Assets for any of the Subject Business Units as the Debtor may determine in its sole and reasonable business judgment to be in the best interests of its bankruptcy estate, its creditors and other interested parties.

### (12)   Consent to Jurisdiction and Jury Waiver as Condition to Bid

All Qualifying Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of the Bidder's Bid. Qualifying Bidders shall not be deemed third party beneficiaries of these Bidding Procedures and shall not have standing to object to the administration of the Bidding Procedures by the Debtor.

Dated:  July 11, 2017                                   QUADRANT 4 SYSTEM CORPORATION

                                                        By:   _Chad H. Gettleman_____
                                                              One of its attorneys

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
NATHAN Q. RUGG, ESQ. (ARDC #6272969)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd, Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
chg@ag-ltd.com
nqr@ag-ltd.com

**Counsel for the Debtor**

**<u>EXHIBIT B – SALE NOTICE</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUADRANT 4 SYSTEM CORPORATION, | ) | Case No. 17-19689 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | **Hearing Date:  August 17, 2017** |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | **Hearing Time: 11:00 a.m.** |

**NOTICE OF SALE OF ASSETS AND INTENDED ASSUMPTION**
**AND ASSIGNMENT OF EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES IN CONNECTION THEREWITH**

TO:     THE OFFICE OF THE UNITED STATES TRUSTEE, THE CREDITORS OF THESE
ESTATES, THE NON-DEBTOR PARTIES TO EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND OTHER PARTIES IN INTEREST:

**PLEASE TAKE NOTICE AS FOLLOWS:**

1.      Chapter 11 Filing - On June 29, 2017, (the **"Petition Date"**), Quadrant 4 System
Corporation (**"Debtor"**) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy
Code (the **"Chapter 11 Case"**). Since then, the Debtor has remained in possession of its assets
and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C.
§§ 1107 and 1108. The Debtor has all of the rights and powers of a trustee in bankruptcy
pursuant to 11 U.S.C. § 1107(a).

2.      Sale Motion – On June 30, 2017, the Debtor filed a *Motion Of The Debtor For
The Entry Of An Order: (A) Approving The Sale Process And Bidding Procedures With Respect
To Sale Of Certain Of The Debtor's Business Units; (B) Approving Form Of And Authorizing The
Debtor To Enter Into Stalking Horse Asset Purchase Agreements; (C) Approving Bid Protection
And Break-Up Fees; (D) Scheduling A Public Auction And Subsequent Sale Hearing; (E)
Authorizing The Sale Of The Assets Of The Debtor Free And Clear Of Liens, Claims,
Encumbrances And Interests; (F) Authorizing The Assumption And Assignment Of Executory
Contracts And Unexpired Leases; And (G) Approving The Form Of Notice And Manner Of
Notice Of Sale Hearing And Proposed Assumption And Assignment* (the **"Sale Motion"**) [Docket
No. 19].

3.      Entry of Bidding Procedures Order - On July 11, 2017, the Bankruptcy Court
entered that certain *Order: (A) Approving The Sale Process And Bidding Procedures With*

1

855068v2

*Respect To Sale Of Certain Of The Debtor's Business Units; (B) Approving Form Of And Authorizing The Debtor To Enter Into Stalking Horse Asset Purchase Agreements; (C) Approving Bid Protection And Break-Up Fees; (D) Scheduling A Public Auction And Subsequent Sale Hearing; (E) Authorizing The Sale Of The Assets Of The Debtor Free And Clear Of Liens, Claims, Encumbrances And Interests; (F) Authorizing The Assumption And Assignment Of Executory Contracts And Unexpired Leases; And (G) Approving The Form Of Notice And Manner Of Notice Of Sale Hearing And Proposed Assumption And Assignment* (the **"Bidding Procedures Order"**).

4.    <u>Auction</u> - Under the Bidding Procedures Order, the Debtor is authorized to conduct a public auction (the **"Auction"**) of substantially all of the Debtor's intellectual property and such other assets pertaining to five (5) of its business units commonly referred to as: (a) U.S. Solutions Business; (b) Hybrid Solutions Business; (c) Legacy Staffing Business; (d) QEDX Education Platform; and (e) India Solutions Business (collectively, the **"Subject Business Units"**), including as pertaining solely to each of the Subject Business Units, the Debtor's intellectual and intangible property, receivables, customer contracts, employee contracts (including with all immigration related employees), certain books and records, certain fixed assets, licenses, certain executory contracts and unexpired leases (collectively, the "**Acquired Assets**"), on <u>**Monday, August 14, 2017 at 10:00 a.m. (Central time)**</u> at the offices of Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, Illinois 60604, or at such later time or other place as the Debtor shall advise all Qualifying Bidders.[1] The Acquired Assets shall be sold free and clear of any and all liens, claims, encumbrances and interests, with any and all validly determined liens, claims, interests or encumbrances to attach to the proceeds of sale (the "**Sale**"). The bid(s) determined by the Debtor, in consultation with Silverman Consulting, Inc. (Debtor's financial consultants); Livingstone Partners, LLC (Debtor's investment bankers); BMO Harris Bank, N.A. (Debtor's senior secured lender); and if appointed, a creditors' committee, in the Chapter 11 Case, to be the highest and best offer(s) for the Acquired Assets of each of the Subject Business Units at the Auction, the Prevailing Bid(s), and the Runner-Up Bid(s), if any, will be submitted by the Debtor for approval by the Bankruptcy Court.

5.    <u>Bidding Procedures</u> - The Auction shall be conducted in accordance with the bidding procedures attached to the Bidding Procedures Order (the "**Bidding Procedures**").

6.    <u>Stalking Horse Offers and Bid Protection</u> –

(a)    With respect to the Acquired Assets of each of the Subject Business Units, the Debtor has accepted, and the Bidding Procedures Order has approved the following bids (collectively, the **"Stalking Horse Offers"** or **"Stalking Horse Bidders"**), exclusive of any applicable Cure Amounts and certain Assumed Liabilities described in each of the underlying Asset Purchase Agreements Lender, subject to higher bids at Auction and Bankruptcy Court approval:

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed in the Bidding Procedures.

855068v2

(i)     Offer of First Tek, Inc., a New Jersey corporation, dated as of June 22, 2017 for the purchase of the Legacy Staffing Business in the "Initial Bid Amount" of $2,000,000.00 (**"First Tek Staffing Offer"**).

(ii)    Offer of Aspire Systems, Inc., an Oregon corporation, dated as of June 23, 2017 for the purchase of the U.S. Solutions Business in the Initial Bid Amount" of $2,200,000.00 (**"Aspire U.S. Solutions Offer"**).

(iii)   Offer of Aspire Systems, Inc., dated as of June 23, 2017 for the purchase of the Hybrid Solutions Business in the "Initial Bid Amount" of $2,000,000.00 (**"Aspire Hybrid Solutions Offer"**).

(iv)    Offer of First Tek, Inc., dated as of June 28, 2017 for the purchase of the QEDX Education Platform in the "Initial Bid Amount" of $700,000.00 (**"First Tek Education Offer**).

(v)     Offer of First Tek, Inc., dated as of June 29, 2017 for the purchase of the India Solutions Business in the "Initial Bid Amount" of $500,000.00 (**"First Tek India Solutions Offer**).

(b)     In accordance with the Bidding Procedures Order, each of the Stalking Horse Bidders shall receive bid protection, such that for each of the Subject Business Units, the next minimum bid which the Debtor may accept must include an Initial Bid Amount of the following:

(i)     For the Legacy Staffing Business - $2,100,000;

(ii)    For the U.S. Solutions Business - $2,400,000;

(iii)   For the Hybrid Solutions Business - $2,180,000;

(iv)    For the QEDX Education Platform - $775,000; and

(v)     For the India Solutions Business - $550,000.

7.      Deposit: The Bids shall be accompanied by a cashiers' check or wire transfer to be held as an earnest money deposit subject to the jurisdiction of the Court and held in a non-interest bearing IOLTA trust account maintained by the Debtor' counsel, Adelman & Gettleman, Ltd., at JPMorgan Chase Bank, N.A., in immediately available U.S. funds, and in an amount equal to no less than (the "**Deposit**"):

(i)     For the Legacy Staffing Business - $200,000;

(ii)    For the U.S. Solutions Business - $220,000;

(iii)   For the Hybrid Solutions Business - $200,000;

855068v2

    (iv)    For the QEDX Education Platform - $77,500; and

    (v)    For the India Solutions Business - $57,500.

8.    Sale Hearing - The Bankruptcy Court will conduct a hearing to consider approval of the sale of the Acquired Assets on **Thursday, August 17, 2017, at 11:00 a.m. (Central time)** in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 S. Dearborn, Room 682, Chicago, Illinois 60604 (the **"Sale Hearing"**). The Sale Hearing may be adjourned, continued or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing.  At the Sale Hearing, the Debtor will request approval of the sale of the Acquired Assets of each of the Subject Business Units to the Qualifying Bidder(s) submitting the Prevailing Bid(s) and the Runner-Up Bidder(s), pursuant to the entry of final order(s) approving the sale of the Acquired Assets (the **"Sale Order"**).

9.    Sale Objections - Any objection to the sale of the Acquired Assets (**"Sale Objection(s)"**) must be in writing and filed with the Bankruptcy Court **on or before 5:00 p.m. (Central time) on Tuesday, August 15, 2017.**  The Bankruptcy Court shall resolve any and all such Sale Objections at the Sale Hearing or such other time as may be ordered by the Bankruptcy Court. Please be advised that if you **do file** a written objection, you and/or your attorney will be expected to attend the Sale Hearing or the Bankruptcy Court may grant the relief sought in the Sale Motion over such written objection.

10.    Assignment Notice - On or before August 9, 2017, the Debtor shall send a notice via facsimile or email delivery (the **"Assignment Notice"**) to each non-debtor party to the executory contracts or unexpired leases (the **"Contracts and Leases"**, and each, a **"Contract/Lease"**) identified by one or more Qualifying Bidder(s) as subject to assumption and assignment in conjunction with such Bidder's proposed purchase of the Acquired Assets of the Subject Business Unit(s) (the **"Proposed Assumption/Assignment"**). The Assignment Notice shall state the cure amounts the Debtor believes are necessary to assume and assign the Contracts and Leases pursuant to section 365 of the Bankruptcy Code (the **"Cure Amount"**).

11.    Assignment Objections - Any objection of a non-Debtor party to a Contract/Lease to the Cure Amount set forth in the Assignment Notice or to the Proposed Assumption/Assignment of such Contract/Lease (an **"Assignment Objection"**) must either be: (a) in writing and filed with the Bankruptcy Court before the Sale Hearing; or (b) presented orally at the Sale Hearing.

12.    Assignment Objection Hearing - The Bankruptcy Court shall resolve any and all timely filed or presented Assignment Objections at the Sale Hearing or such other time as may be ordered by the Bankruptcy Court.

13.    Requests for Copies and Information - Copies of the Sale Motion and exhibits thereto, the Bidding Procedures Order, the Bidding Procedures, the Stalking Horse Offers and/or the proposed Sale Order for the Acquired Assets may be obtained by: accessing the case docket

855068v2

maintained by the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, or by requesting same in writing to the Debtor's counsel at the address indicated below. Any inquiries regarding the information provided herein should be directed to the Debtor's counsel at the address noted below.

14.    Notice - This Notice is made expressly subject to the Bidding Procedures Order and the Bidding Procedures. To the extent that this Notice is inconsistent with the terms contained in the Bidding Procedures Order, the Bidding Procedures Order shall control.

**PLEASE BE ADVISED THAT IN CONNECTION WITH THE PROPOSED SALE OF THE ACQUIRED ASSETS, THE DEBTOR WILL SEEK THE ENTRY OF A SALE ORDER THAT WILL, AMONG OTHER THINGS, ENJOIN ANY AND ALL CREDITORS AND OTHER PARTIES IN INTEREST OF THE ESTATES FROM PURSUING AGAINST THE PURCHASER(S) OF THE ACQUIRED ASSETS OF THE SUBJECT BUSINESS UNITS: (A) ANY CLAIMS AGAINST DEBTORS; OR (B) ANY LIENS AND ENCUMBRANCES AGAINST THE ACQUIRED ASSETS.**

Dated: July 11, 2017    `                    QUADRANT 4 SYSTEM CORPORATION

                                        By: /s/ Chad H. Gettleman
                                            One of their attorneys

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
NATHAN Q. RUGG, ESQ. (ARDC #6272969)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd, Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
chg@ag-ltd.com
nqr@ag-ltd.com

**Counsel for the Debtor**

**<u>EXHIBIT C – ASSIGNMENT NOTICE</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUADRANT 4 SYSTEM CORPORATION, | ) | Case No. 17-19689 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | |

## NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT
## OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

TO THE NON-DEBTOR PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED
LEASES:

**PLEASE TAKE NOTICE AS FOLLOWS:**

1.     **Chapter 11 Case** – On July 11, 2017, the United States Bankruptcy Court for the
Northern District of Illinois, Eastern Division (the "**Bankruptcy Court**") entered an order (the
"**Bidding Procedures Order**")[1] in the above-captioned Chapter 11 case (the "**Chapter 11
Case**") of Quadrant 4 System Corporation (the "**Debtor**") approving, among other things, the
process for fixing the cure amounts related to the Debtor's assumption, assignment and/or
transfer of certain executory contracts, unexpired leases and other agreements (the "**Contracts
and Leases**", and each, a "**Contract/Lease**") in connection with the proposed sale (the "**Sale**")
of substantially all of the Debtor's assets pertaining to five (5) of its business units commonly
referred to as: (a) U.S. Solutions Business; (b) Hybrid Solutions Business; (c) Legacy Staffing
Business; (d) QEDX Education Platform; and (e) India Solutions Business (collectively, the
**Subject Business Units**" or the "**Acquired Assets**").  A public auction (the "**Auction**") for the
Acquired Assets is presently scheduled for **Monday, August 14, 2017, at 10:00 a.m. (Central
time)**, with a Sale Hearing, as defined below, scheduled for **Thursday, August 17, 2017 at
11:00 a.m. (Central time)**.

2.     **Notice of Proposed Assignment and Cure Amount** – Set forth on <u>Exhibit A</u> is a
list of Contracts and Leases that the Debtor *may potentially seek to have assumed and assigned
to the Prevailing Bidder(s) or Runner-Up Bidder(s) for each of the Subject Business Units at
the Sale Hearing based on Qualifying Bids received on a timely basis by the Debtor.* Exhibit A
also contains the cure amounts the Debtor's books and records reflect are necessary to assume

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Bidding Procedures Order.

and assign such Contracts and Leases pursuant to section 365 of the Bankruptcy Code (the "**Cure Amount(s)**"). The Debtor believes that the payment of the respective Cure Amount designated for each of the referenced Contracts and Leases shall cure any and all defaults and pecuniary losses under each of the respective Contracts and Leases. Set forth on Exhibit B are the names of entities that are "**Qualifying Bidders**", meaning that any of the parties listed as such may end up purchasing the Acquired Assets for the Subject Business Units, as more fully identified therein, including assuming any of the Contracts and Leases listed on Exhibit A.

3.      **Assignment Objections** – Any objection of a non-debtor party to a Contract/Lease to the Cure Amount set forth in Exhibit A or to the proposed assumption and assignment of such Contract/Lease to any of the parties listed on Exhibit B (an "**Assignment Objection**") must either be: (a) in writing and filed with the Bankruptcy Court before the Sale Hearing; or (b) presented orally at the Sale Hearing.

4.      **Assignment Objection Hearing** - The Court shall resolve any and all Assignment Objections at the hearing to consider approval of the Sale to be held on **Thursday, August 17, 2017 at 11:00 a.m. (Central time)** at the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, Dirksen Federal Building, 219 S. Dearborn, Room 682, Chicago, Illinois 60604, or such other time as may be ordered by the Court (the "**Sale Hearing**"). At the Sale Hearing, the Debtor will request entry of a final order: (a) approving the sale of the Acquired Assets for each of the Subject Business Units to the Qualifying Bidder(s) submitting the Prevailing Bid(s) and, if applicable, the Qualifying Bidder(s) submitting the Runner-Up Bid(s); and (b) authorizing the assumption and assignment of any of the Contracts and Leases as may be selected by the Prevailing Bidder(s) and/or Runner-Up Bidder(s). Please be advised that if you **do file** a written objection, you and/or your attorney will be expected to attend the Sale Hearing or the Bankruptcy Court may grant the relief sought in the Sale Motion over such written objection.

5.      **If No Assignment Objection is Timely Filed or Presented** - If an Assignment Objection is not timely filed or presented at the Sale Hearing, then (a) the Debtor shall be authorized, but not directed, to assume and assign such Contract/Lease at the closing of the Sale(s); (b) the Cure Amount set forth in this Notice shall constitute the final determination of the total cure amount required to be paid by the Debtor on the Contract/Lease pursuant to 11 U.S.C. § 365 for purposes of the Sale Order; and (c) the non-debtor party to the Contract/Lease shall be: (i) forever barred and estopped from objecting to the Cure Amount or seeking any additional cure payments on such Contract/Lease, whether from the Debtor, the Prevailing Bidder(s), any Runner-Up Bidder(s) or any other assignee(s); (ii) deemed to have waived any right to terminate any Contract/Lease as a result of any default which may have occurred under the applicable Contract/Lease prior to the Closing to the extent the Contract/Lease is identified as an Acquired Asset by the Prevailing Bidder(s) or Runner-Up Bidder(s); (iii) deemed to have agreed that the Sale Order applies and is enforceable with respect to the assumption and assignment of the Contract/Lease; (iv) deemed to have agreed that all defaults under the Contract/Lease arising or continuing prior to the Closing have been fully cured and satisfied; and (v) deemed to have consented to the assumption, assignment and transfer of such Contract/Lease

to the Prevailing Bidder(s), Runner-Up Bidder(s) or any other assignees thereof on all matters, including any obligation of the Debtor, the Prevailing Bidder(s) the Runner-Up Bidder(s) or any other assignees to provide adequate assurance of future performance under 11 U.S.C. § 365.

Each non-debtor party to any Contract/Lease listed on Exhibit A hereto, or their counsel, is encouraged to contact the Debtor's counsel on the afternoon of the Auction date or otherwise prior to the Sale Hearing to determine whether such party's Contract/Lease will be subject to assumption and assignment at the Sale Hearing.

6.      **Requests for Copies and Information** - Copies of the Sale Motion and exhibits thereto, the Bidding Procedures Order and/or the proposed Sale Order for the sale of the Acquired Assets for each of the Subject Business Units and assumption of any Contract/Lease may be obtained by: accessing the case docket maintained by the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, or upon written request to the Debtor's counsel. Any inquiries regarding the information provided herein should be directed to the Debtors' counsel at the address noted below.

7.      **Notice** - This Notice is made expressly subject to the Bidding Procedures Order and the underlying Bidding Procedures. To the extent that this Notice is inconsistent with the terms contained in the Bidding Procedures Order, the Bidding Procedures Order shall control. Notwithstanding the reference to any contract as an "executory contract" or "unexpired lease" in this Notice, the Debtor reserves all of its rights with respect to whether or not any contract is an "executory contract" or lease is an "unexpired lease" pursuant to the Bankruptcy Code. The inclusion of any document on Exhibit A shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code.

Dated: August 9, 2017                    QUADRANT 4 SYSTEM CORPORATION

                                         By: /s/  Chad H. Gettleman
                                             One of their attorneys

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
NATHAN Q. RUGG, ESQ. (ARDC #6272969)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd, Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
chg@ag-ltd.com
nqr@ag-ltd.com

**Counsel for the Debtor**

3

**EXHIBIT A – Contracts and Leases and Cure Amounts**

**(to be attached)**

## EXHIBIT B – Qualifying Bidders

First Tek, Inc., a New Jersey corporation

Aspire Systems, Inc., an Oregon corporation