United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>QUADRANT 4 SYSTEM CORPORATION, et al.,<br><br>Debtors. | Case No. 17 BK 19689<br><br>Chapter 11<br><br>Judge: Hon. Jack B. Schmetterer |

## MEMORANDUM OPINION ON FEE APPLICATION OF DEBTOR'S COUNSEL FOR WORK PREPARING THE "MOTION TO APPROVE DISCLOSURE STATEMENT" [DKT. NOS. 428, 446, 452]

Counsel for Debtor Quadrant 4 System Corporation ("Quadrant 4"), the law firm of Adelman & Gettleman, Ltd., has submitted two interim fee applications [Dkt. Nos. 446 & 452] in this case, directing its client to pay approximately $270,000.00 that it is owed for work performed on this bankruptcy case. For the reasons discussed below, the fee applications of Debtor's Counsel will be granted, less $3,350.00 in fees sought based upon a Motion to Approve Disclosure Statement and Plan Confirmation Procedures [Dkt. No. 428].

The fee applications will be granted by separate orders entered concurrently herewith.

## BACKGROUND

Quadrant 4 filed its petition for voluntary Chapter 11 bankruptcy relief on June 29, 2017. The case was consolidated with a Chapter 11 bankruptcy case concerning Quadrant 4's subsidiary, Stratitude, Inc., on October 19, 2017 and the cases have since been jointly administered.

On June 12, 2018, Debtor filed a Motion to Approve Disclosure Statement and Plan Confirmation Procedures [Dkt. No. 428] which was set on the same date as the Court's hearing on the adequacy of Debtor's Disclosure Statement, July 12, 2018. Debtor's Motion was ultimately dismissed on July 12, 2018, both for exceeding the page limit on filings set by Local Rule 5005-3(D) and because the document was neither required by statute or rule, nor shown to be useful or necessary to the Court or parties-in-interest.

Debtor's Counsel filed two fee applications [Dkt. Nos. 446 & 452] on July 5, 2018, seeking an order directing its client to pay approximately $270,000.00 and approving the total amount of fees accrued in this case, approximately $1.5 million, the majority of which have already been paid pursuant to an Order of this Court establishing interim compensation procedures [Dkt. No. 103].

1

## DISCUSSION

The fees sought by Debtor's Counsel in its two applications for interim compensation are unopposed by any party-in-interest in this case. The Court is also aware that any reduction in fees will only benefit the secured lender, BMO Harris Bank, whose cash collateral will be used to pay the Debtor's professionals. No party-in-interest in this case has made any objection as to the amount of fees sought by Debtor's Counsel, and in fact, the other parties in this case speak highly of the work performed.

Nevertheless, the Court takes issue with the fees Debtor's Counsel has accrued with regards to the now-dismissed Motion to Approve Disclosure Statement. Such a motion is not required by any statute or rule, federal or local. As stated from the bench when the Motion was dismissed on July 12, 2018, the Motion was wholly unnecessary and was not useful in any way. It was simply another version of the Disclosure Statement in terms of its length and content.

The purpose of a Disclosure Statement is to help creditors understand the Plan so that they can decide how to vote. It is not necessary to repeat all the details of the Plan, argue issues to which objections have been made, or give great gobs of information which are unnecessary and will not lead to understanding. 11 US.C. § 1125(a)(1); Local Bankr. R. 3016-1. It is also not necessary to file any motion to approve a Plan or Disclosure Statement once a court has set a hearing on those matters.

The Assistant U.S. Trustee indicated that this practice of filing a Motion to Approve a Disclosure Statement, in addition to a hearing on the adequacy of said Disclosure Statement set by the Court, is a practice that has been adopted by some bankruptcy courts in other circuits. While this may simply have been a force of habit on the part of Debtor's Counsel, no statutes or rules require such a Motion to be made. We must be alert to practices that unduly waste resources of an estate. A reduction in fees related to the preparation of that Motion in this case is therefore both warranted and helps to illustrate that this practice need not be adopted by bankruptcy courts in this circuit going forward. As a general rule, courts and practitioners alike should strive to avoid unnecessary and duplicative materials when possible.

## CONCLUSION

For the foregoing reasons, the amount of fees sought by Debtor's Counsel in their interim fee applications will be reduced by $3,350.00 in total, the amount which was billed in connection with the Motion to Approve Disclosure Statement and Plan Confirmation Procedures.

Debtor's Counsel has already submitted revised orders reflecting that reduction in fees, and those orders will be entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of August, 2018