**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re                                          )
                                               )
                                               )     Bankruptcy No. _____
                                               )
                        Debtor.                )     Chapter          _____


**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**


Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From    _____, _____    through _____, _____

Amount of Fees Sought:    $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:        Interim Application _____        Final Application _____


If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |


Dated: _____         _____
                                                         (Counsel)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

|   |   |
|---|---|
| *In re* | Chapter 11 |
| QUADRANT 4 SYSTEM CORPORATION, *et al.*[1] | Case No. 17-19689 |
| | (Jointly administered) |
| Debtors. | Honorable Jack B. Schmetterer |
| | Hearing:  October 23, 2018 at 10:00 a.m. |

**NOTICE OF MOTION**

*Please take notice* that on October 23, 2018 at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer, or any other judge sitting in his stead, in Courtroom 682 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and will present the *Second and Final Application of Sugar Felsenthal Grais & Helsinger LLP For Compensation & Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Quadrant 4 System Corporation, et al.*, a copy of which is enclosed and served upon you.

Date: October 2, 2018

*Sugar Felsenthal Grais & Helsinger LLP*

By: /a/ Michael A. Brandess
      One of Its Attorneys

Mark S. Melickian. (IL No. 6229843)
Michael A. Brandess (IL No. 6299158)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:  312.372.7951

---

[1]    The Debtors in these jointly administered chapter 11 cases are Quadrant 4 Systems Corporation and Stratitude, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2018, a true and correct copy of the *Second and Final Application of Sugar Felsenthal Grais & Helsinger LLP For Compensation & Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Quadrant 4 System Corporation, et al.* was served via the Court's CM/ECF system upon all registered counsel.


By: /s/ Michael A. Brandess
One of Its Attorneys


**Service List**

*Via CM/ECF*

Attorney for U.S. Securities and Exchange Commission
- Sonia U Chae    chaes@sec.gov

Attorney(s) for BMO Harris Bank, N.A.
- Stephanie K. Hor-Chen    schen@vedderprice.com, ecfdocket@vedderprice.com
- Douglas J. Lipke    dlipke@vedderprice.com, ecfdocket@vedderprice.com

  *U.S.* Trustee
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

Attorney(s) for First Tek, Inc. and  First Tek Services Private Limited
- Mark L Radtke    mradtke@shawfishman.com, kbobb@shawfishman.com
- Brian L Shaw    bshaw100@shawfishman.com, cknez@shawfishman.com
- Peter L Berk plberk@orb-legal.com, hmilman@orb-legal.com, milmanhr42820@notify.bestcase.com, hmbonesteel@gmail.com

Attorney for BIP Quadrant 4 System Debt Fund I, LLC
- Matthew T. Gensburg    MGensburg@gcklegal.com
- Peter J Haley peter.haley@nelsonmullins.com, marie.moss@nelsonmullins.com

Attorney(s) for Debtors
- Chad H. Gettleman    cgettleman@ag-ltd.com
- Erich Buck        ebuck@ag-ltd.com, aweir@ag-ltd.com
- Nicholas R. Dwayne ndwayne@ag-ltd.com
- Scott Alstreda        rsalstreda@nixonpeabody.com

Attorney for Khannan Sankaran, Pankaj Kalra, Ashish Sanan
- David A. Newby    dnewby@momlaw.com, lholub@momlaw.com

Attorney for Quadrant 4 System Corporation
- R Scott Alsterda    rsalsterda@nixonpeabody.com
- Nathan Q. Rugg Nathan.Rugg@bfkn.com, jean.montgomery@bfkn.com

Attorney for Quadrantfour Software Solutions (Pvt) Limited
- Mark A. Carter       mcarter@lksu.com, aterry@lksu.com, jbanasiak@lksu.com
- Peter E. Cooper       pcooper@lksu.com, shennessey@lksy.com, aterry@lksu.com

Attorney for BIP Quadrant 4 System Debt Fund I, LLC
- Peter J Haley       peter.haley@nelsonmullins.com, marie.moss@nelsonmullins.com

Attorney for Jordan & Zito LLC
- Gregory J. Jordan   gjordan@jz-llc.com

Attorney for Cigna Health and Life Insurance Company
- Richard B. Polony rpolony@hinshawlaw.com, sedelmai@hinshawlaw.com, courtfiling@hinshawlaw.com, cortiz@hinshawlaw.com

Attorney for Schaumburg CC Owner, LLC
- Marc S Lichtman agent007@lichtmanpartners.com, keisen@lichtmanpartners.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re* | Chapter 11 |
| QUADRANT 4 SYSTEM CORPORATION, *et al.*[1] | Case No. 17-19689 |
| | (Jointly Administered) |
| Debtors. | Honorable Jack B. Schmetterer |
| | Hearing:  October 23, 2018 at 10:00 a.m. |

**THIRD AND FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HELSINGER LLP FOR COMPENSATION & REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF QUADRANT 4 SYSTEM CORPORATION, ET AL.**

**QUADRANT 4**

Sugar Felsenthal Grais & Helsinger LLP ("*SFGH*"),[2] former counsel to the Official Committee of Unsecured Creditors (the "*Committee*") in these jointly administered chapter 11 cases, submits its *Third and Final Application of Sugar Felsenthal Grais & Helsinger LLP for Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors of Quadrant 4 System Corporation, et al. (Quadrant 4)* (the "*Final Application*," or, the "*Application*").  In support of this Application, SFGH states:

**JURISDICTION & VENUE**

The Court has jurisdiction over this matter under §§ 1334 and 157(a) of title 28 of the United States Code and Local Rule 5082-1.  This is a core proceeding under § 157(b)(2) of title

---

[1]     The Debtors in these jointly administered chapter 11 cases are Quadrant 4 Systems Corporation and Stratitude, Inc.

[2]     The Firm changed its name effective February 7, 2018.

28 of the United States Code.  Venue is proper in this district under §§ 1408 and 1409 of title 28

of the United States Code.

The statutory predicates for the relief requested in this Final Application are §§ 330, 331,

503(b), and 507(a)(2) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "*Bankruptcy Rules*"), and Local Rule 5082-1.

## BACKGROUND

On June 29, 2017 (the "*Petition Date*"), Quadrant 4 System Corporation ("*Quadrant 4*"),

filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court,

initiating its bankruptcy case.

On July 6, 2017, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the

Committee to represent the interests of Quadrant 4's unsecured creditors under § 1102 of the

Bankruptcy Code.  That same day, the Committee selected SFGH as its counsel (the "*Retention*

*Date*").

On July 21, 2017, the Committee filed an application to retain SFGH as its legal counsel

(the "*Application*").  On July 28, 2017, the Court entered an order approving the Application

effective as of the Retention Date.  (Dkt. 106).

On August 3, 2017, the Court entered an order establishing procedures for the payment of

interim compensation and reimbursement of expenses of professionals (the "*Interim*

*Compensation Procedures*"), which included SFGH.  (Dkt. 103).  The Interim Compensation

Procedures provided for the payment of 80% of SFGH's fees and 100% of its expenses on a

monthly basis.  The Interim Compensation Procedures provide, among other things, that SFGH

must circulate each monthly fee statement (the "*Monthly Fee Statement*") to Quadrant 4, Quadrant

4's secured creditors—BMO Harris Bank, N.A. and BIP Quadrant 4 System Debt Fund I, LLC,

and the office of the U.S. Trustee (the "*Notice Parties*").  The Notice Parties were entitled 14 days

to object to any Monthly Fee Statement prior to payment.[3]

On October 13, 2017, Stratitude, Inc. ("*Stratitude,*" and together with Quadrant 4, the

"*Debtors*") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the

Court, initiating its bankruptcy case.

On October 19, 2017, the Court entered an order approving the joint administration of the

Stratitude and Quadrant 4 bankruptcy cases. (Dkt. 192).

On October 24, 2017, the U.S. Trustee filed an Amended Notice of Appointment of Official

Committee of Unsecured Creditors' Committee, adding a Stratitude creditor to the Committee.

(Dkt. 195).

On July 6, 2018, the Committee and the Debtors filed an Amended Joint Plan of

Liquidation (the "*Plan*").  (Dkt. 455).  On August 24, 2018, the Court entered an order confirming

the Plan.  (Dkt. 527).  On September 13, 2019, the Plan was made effective and, pursuant to the

Plan, the Committee was terminated.  (Dkt. 536).

### SFGH'S PRIOR INTERIM FEE APPLICATIONS

On November 27, 2017, SFGH submitted its *First Interim Application of Sugar Felsenthal*

*Grais & Hammer LLP for Compensation & Reimbursement of Expenses as Counsel to the Official*

*Committee of Unsecured Creditors* (the "*First Interim Application*") in this case seeking allowance

of its fees and expenses on an interim basis in the amount of $192,418.50 in fees and $2,219.17 in

expenses for the period beginning on the Petition Date and ending on October 31, 2017 (the "*First*

*Interim Period*"). (Dkt. 243).

---

[3]     On August 8, 2018, the Court entered an order *sua sponte* vacating the order approving Interim Compensation
Procedures.  (Dkt. 500).

On December 21, 2017, SFGH, under Rule 5082-1(B) of the Local Rules of the Bankruptcy Court of the Northern District of Illinois (the "*Local Rules*"), submitted a *Supplement to First Interim Application of Sugar Felsenthal Grais & Hammer LLP for Compensation & Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors* (the "*Supplemental First Interim Application*"). (Dkt. 257).

On December 28, 2017, the Court entered an order (the "*First Interim Fee Order*") granting SFGH's fees and expenses requested under the First Interim Application and the Supplemental First Interim Application. (Dkt. 261).

On May 14, 2018, SFGH submitted its *Second Interim Application of Sugar Felsenthal Grais & Helsinger LLP for Compensation & Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors* (the "*Second Interim Application*") in this case seeking allowance of its fees and expenses on an interim basis in the amount of $194,080.50 in fees and $6,415.36 in expenses for the period beginning on November 1, 2017 and ending on April 30, 2018 (the "*Second Interim Period*"). (Dkt. 398).

On June 5, 2018, the Court entered an order (the "*Second Interim Fee Order*") granting SFGH's fees and expenses requested under the Second Interim Application. (Dkt. 418).

### SFGH'S FEES & EXPENSES DURING THE THIRD AND FINAL PERIOD

This application is SFGH's third and final request for allowance of fees and reimbursement of expenses. ***The fees sought herein pertain to time spent and expenses incurred in the Quadrant 4 bankruptcy case and not that of Stratitude, which will be invoiced separately.*** By this Application, SFGH seeks an order (a) allowing and approving compensation to SFGH in the amount of $68,479.00 for professional services rendered by SFGH for the period beginning May 1, 2018 and ending September 13, 2018 (the "*Fee Application Period*"), and reimbursement in the

amount of $2,128.10 for actual and necessary expenses incurred by SFGH during the Fee

Application Period; (b) approving all fees and expenses incurred by SFGH from the Retention

Date through September 13, 2018 (the "*Final Application Period*") on a final basis; and (c)

authorizing payment to SFGH for all unpaid amounts approved under this Application.

SFGH submitted three monthly fee statements during the Fee Application Period and

incurred approximately six weeks of additional fees and expenses after the Court vacated the

Interim Compensation Procedures.  Because the Interim Compensation Procedures were vacated

prior to approval of SFGH's July monthly invoice, no funds were remitted to SFGH on account of

that invoice.  The following is a summary of SFGH's Monthly Fee Statements during the Fee

Application Period:

| Date Circulated | Period Covered | Fees Requested | Expenses Requested | Fees Authorized on Interim Basis | Expenses Authorized |
|---|---|---|---|---|---|
| 6/6/2018 | 5/1/18 – 5/31/18 | $13,210.00 | $263.00 | $10,568.00 | $263.00 |
| 7/10/2018 | 6/1/18 – 6/30/18 | $13,458.00 | $91.60 | $10,766.40 | $91.60 |
| 8/6/2018 | 7/1/18 – 7/31/18 | $11,035.00 | $82.59 | N/A | N/A |
| N/A | 8/1/18 – 9/13/2018 | $30,776.00 | $1,690.91 | N/A | N/A |
| **Total** | | $68,479.00 | $2,128.10 | $21,334.40 | $354.60 |

SFGH is currently owed $47,144.60 in unpaid fees and $1,773.50 in unpaid expenses.

A.     **Narrative Summary of Services Rendered & Expenses Incurred by SFGH**

All of the services for which compensation is requested were rendered to or for the benefit

of general unsecured creditors, as requested by the Committee in connection with Quadrant 4's

case.

The time described in the Monthly Fee Statements attached to this Final Application represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by SFGH attorneys and paralegals that rendered the described services.  In certain instances, the time reflected in the billing statements has been reduced in an effort by SFGH to eliminate excessive, duplicative, or in hindsight, unnecessary or unproductive services.

SFGH's customary hourly rates of compensation for attorneys and paraprofessionals during the Application Period range from $275 to $800.  Those rates are comparable to rates charged by other practitioners having the same level of experience, expertise, and standing for similar services.

SFGH strives to limit its fees wherever possible.  SFGH's standard practice is to avoid billing for services deemed duplicative, administrative or otherwise not necessary or beneficial to firm clientele, whether in chapter 11 or otherwise.

**B.      Summary of Services Rendered**

During the Fee Application Period, SFGH spent a total of **118.2** hours providing professional services on behalf of the Committee in connection with this case.

| Name | Title | Hourly Rate[4] | Total Hours | Total |
|---|---|---|---|---|
| Mark S. Melickian | Partner | $725/$800 | 21.2 | $16,600.00 |
| Elizabeth B. Vandesteeg | Partner | $675/$725 | 2.0 | $1,450.00 |
| Michael A. Brandess | Partner | $515/$555 | 83.4 | $45,655.00 |
| Mathew B. Schiff | Partner | $560 | 2.4 | $1,344.00 |
| David M. Madden | Of Counsel | $410/$440 | 3.4 | $1,496.00 |
| Jeffrey M. Goldberg | Associate | $350 | 3.9 | $1,365.00 |
| Jeffrey C. Demma | Paralegal | $275/$285 | 1.9 | $569.00 |
| Total | | | 118.2 | $68,479.00 |

---

[4]      The splits reflect rate increases effective June 1, 2018.

In compliance with Local Rules 5082-1B and C, SFGH has classified its services for this

Fee Application Period in eleven separate categories as described below:[5]

### 1) *General Case Administration*

SFGH spent 18.3 hours at a gross cost of $9,940.50 on general matters.  This category includes: (a) reviewing and analyzing Quadrant 4's various bankruptcy pleadings, correspondence and notices; (b) preparing for and participating in hearings on various issues; (c) reviewing and analyzing record retention; (d) corresponding with parties in interest concerning general case matters; and (e) overseeing transition related matters to the Liquidating Trust.  This category also includes matters which encompass more than one discrete category.

| Name | Title | Hourly Rate | Total Hours | Total |
|------|-------|-------------|-------------|-------|
| Mark S. Melickian | Partner | $725/$800 | 1.1 | $880.00 |
| Michael A. Brandess | Partner | $515/$555 | 11.7 | $6,469.50 |
| Matthew B. Schiff | Partner | $560 | 2.4 | $1,344.00 |
| David Madden | Of Counsel | $410/$440 | 2.2 | $968.00 |
| Jeffrey C. Demma | Paralegal | $275/$285 | 0.9 | $279.00 |
| Total | | | 18.3 | $9,940.50 |

### 2) *SFGH Retention & Fee Applications*

SFGH spent 10.1 hours at a gross cost of $4,656.50 related to preparing its monthly fee statements and interim fee applications.  This category includes drafting SFGH's Second Interim Application and preparing SFGH's monthly fee statements.

| Name | Title | Hourly Rate | Total Hours | Total |
|------|-------|-------------|-------------|-------|
| Mark S. Melickian | Partner | $725/$800 | 0.1 | $80.00 |
| Michael A. Brandess | Partner | $515/$555 | 6.1 | $3,237.50 |
| Jeffrey M. Goldberg | Associate | $350 | 3.5 | $1,225.00 |
| Jeffrey C. Demma | Paralegal | $275/$285 | 0.4 | $114.00 |
| Total | | | 10.1 | $4,656.50 |

### 3) *Other Professional Retention & Fee Applications*

SFGH spent 4.9 hours at a gross cost of $2,441.50 related to reviewing and scrutinizing the employment applications, monthly fee statements, and interim fee applications of other

---

[5]      Each category of services is identified in SFGH's detailed monthly billing statements, attached to this Final Application as *Exhibits A-D*.

professionals.  This category also includes drafting Amherst Partners, LLC's second interim fee application and monthly fee statements.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Michael A. Brandess | Partner | $515/$550 | 4.1 | $2,187.50 |
| Jeffrey M. Goldberg | Associate | $350 | 0.4 | $140.00 |
| Jeffrey C. Demma | Paralegal | $275/$285 | 0.4 | $114.00 |
| Total | | | 4.9 | $2,441.50 |

### 4)  *Executory Contracts & Unexpired Leases*

SFGH spent 1.3 hours at a gross cost of $713.50 on issues related to executory contracts and unexpired leases.  This category includes time spent preparing for and participating in a hearing on the Debtor's settlement with First Tek.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Michael A. Brandess | Partner | $515/$550 | 1.3 | $713.50 |
| Total | | | 1.3 | $713.50 |

### 5)  *Claims Analysis & Objections*

SFGH spent 7.6 hours at a gross cost of $4,203.50 on matters related to analyzing claims in this Case.  This category includes time spent preparing a motion to extend the claims objection deadline and reviewing a preliminary list of allowable claims.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Mark S. Melickian | Partner | $725/$800 | 0.5 | $400.00 |
| Michael A. Brandess | Partner | $515/$550 | 6.9 | $3,741.50 |
| Jeffrey C. Demma | Paralegal | $275/$285 | 0.2 | $62.00 |
| Total | | | 7.6 | $4,203.50 |

### 6)  *Secured Creditors & Lenders, Cash Collateral*

SFGH spent 0.1 hours at a gross cost of $55.50 on matters related to the Debtor's cash collateral budget.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Michael A. Brandess | Partner | $515/$555 | 0.1 | $55.50 |
| Total | | | 0.1 | $55.50 |

### 7) *Creditor Inquiries*

SFGH spent 0.2 hours at a gross cost of $111.00 on matters related to creditor inquiries concerning plan confirmation.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Michael A. Brandess | Partner | $515/$555 | 0.2 | $111.00 |
| Total | | | 0.2 | $111.00 |

### 8) *Committee Meetings & Governance*

SFGH spent 1.3 hours at a gross cost of $721.50 on matters related to Committee meetings and governance.  This category primarily includes: (a) corresponding regularly with Committee members by telephone or e-mail correspondence regarding their issues and concerns; (b) preparing reports for the Committee on case matters, such as plan confirmation; and (c) discussing case strategy with Committee members.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Michael A. Brandess | Partner | $515/$555 | 1.3 | $721.50 |
| Total | | | 1.3 | $721.50 |

### 9) *Avoidance Actions*

SFGH spent 1.9 hours at a gross cost of $916.50 on matters related to analyzing potential avoidance actions of Quadrant 4's estate, communicating with Quadrant 4 regarding those actions, and taking steps necessary to begin prosecuting potential claims.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Michael A. Brandess | Partner | $515/$555 | 0.7 | $388.50 |
| David Madden | Of Counsel | $410/$440 | 1.2 | $528.00 |
| Total | | | 1.9 | $916.50 |

### 10) *Plan & Disclosure Statement*

SFGH spent 67.7 hours at a gross cost of $41,588.00 on matters related to a plan term sheet and third-party support agreement.  SFGH spent time: (a) engaging in substantive discussions with the Debtors, their secured lenders, the Office of the U.S. Trustee and other parties in drafting the Plan and Disclosure Statement; (b) drafting and revising the Plan, Liquidating Trust Agreement and Disclosure Statement; and (c) preparing for and participating in multiple hearings on the Plan and Disclosure Statement.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Mark S. Melickian | Partner | $725/$800 | 18.9 | $14,760.00 |
| Michael A. Brandess | Partner | $515/$555 | 48.8 | $26,828.00 |
| Total | | | 67.7 | $41,588.00 |

*11) Litigation*

SFGH spent 4.8 hours at a gross cost of $3,131.00 on matters related to litigation. This category primarily includes researching case law regarding litigation claims and potential defenses.

| Name | Title | Hourly Rate | Total Hours | Total |
|---|---|---|---|---|
| Mark S. Melickian | Partner | $725/$800 | 0.6 | $480.00 |
| Elizabeth B. Vandesteeg | Partner | $675/$725 | 2.0 | $1,450.00 |
| Michael A. Brandess | Partner | $515/$555 | 2.2 | $1,201.00 |
| Total | | | 4.8 | $3,131.00 |

**C.      Expense Reimbursement**

In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Application Period are set forth in the monthly fee statements. Expenses during the Application Period were incurred in the following categories:

a. *Photocopying/Print*

SFGH incurred copying and printing charges in the amount of $422.80. SFGH charges clients $0.10 per copy during the Fee Application Period. These expenses related to the photocopying of pleadings, review of documents and service of notices such as the information dissemination procedures notice.

b. *Mailing and Postage*

SFGH incurred charges for postage and mailing costs in the amount of $1,447.44 during the Fee Application Period. These expenses related to the service of notices of motions and other pleadings in this Case, including the notices of Plan confirmation and effective date.

c. *Online Research*

SFGH incurred charges for research related expenses in the amount of $33.29 during the Fee Application Period. These expenses primarily related to research undertaken for the drafting of the Committee's litigation memorandum.

d. *Meeting Expense*

SFGH incurred charges for food and beverages during meetings in the amount of $224.57 during the Fee Application Period.  These expenses included working group meals during time-intensive strategy sessions.  SFGH's policy is to charge clients for such expenses only when (a) such meetings include non-SFGH personnel; or (b) such meetings occur at a time when people ordinarily eat a meal and such meeting was reasonably necessary.

All expenses incurred by SFGH in connection with its representation of the Committee were ordinary and necessary expenses.  All expenses billed to the Committee were billed in the same manner SFGH bills its non-bankruptcy clients.

SFGH does not bill its clients or seek compensation in this Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into SFGH's hourly rates.

**D.      Valuation of Services & Benefit to the Estate**

SFGH's attorneys and paraprofessionals have expended a total of 118.2 hours in connection with this case during the Application Period. The time spent and expenses incurred during the Application Period were necessary and appropriate under the circumstances in line with the factors enumerated by 11 U.S.C. § 330.  SFGH submits that the amount requested by this Application is fair and reasonable when considering (a) the complexity of this case; (b) the time expended by SFGH's professionals; (c) the nature of the services rendered; (d) the value of those services; and (e) the costs of comparable services for skilled practitioners in other bankruptcy and non-bankruptcy matters, SFGH submits that the compensation sought by this Application represents a fair and reasonable amount for the services rendered during the Application Period.

**E.      Notice**

Twenty-one (21) days' notice of this Fee Application has been, or will be, given to all known creditors and known equity security holders in the chapter 11 cases by U.S. Mail, postage

prepaid.  Furthermore, a copy of this Motion was served on twenty-one (21) days' notice via

CM/ECF, upon: (a) the United States Trustee; (b) counsel to the Debtors; (c) counsel to the

Debtors' secured lenders, BMO and BIP; and (d) other parties in interest having filed and served

requests for notice in the chapter 11 cases pursuant to Bankruptcy Rule 2002.  SFGH requests that,

pursuant to Bankruptcy Rules 2002 and 9007, the Court deem the foregoing notice sufficient under

the circumstances, and that no further notice be required.


*Wherefore*, SFGH requests that the Court grant this Application and (a) allow and approve

compensation to SFGH in the amount of $64,580.00 for professional services rendered by SFGH

for the Fee Application Period, and reimbursement in the amount of $1,947.69 for actual and

necessary expenses incurred by SFGH during the Fee Application Period; (b) allow and approve

compensation to SFGH in the amount of $454,978.00 for professional services rendered by SFGH

during the Final Application Period (including amounts previously paid to SFGH), and

reimbursement in the amount of $10,762,63 for actual and necessary expenses incurred by SFGH

during the Final Application Period (including amounts previously paid to SFGH) on a final basis;

and (c) direct payment to SFGH for all unpaid amounts approved under this Application.

October 2, 2018

*Sugar Felsenthal Grais & Helsinger LLP*

By:   /s/ Michael A. Brandess

Mark S. Melickian. (IL No. 6229843)
Michael A. Brandess (IL No. 6299158)
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.372.7951
mmelickian@SFGH.com
mbrandess@SFGH.com