**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 17-19689 |
| QUADRANT 4 SYSTEM CORPORATION, | ) (Jointly Administered) |
| et al[1], | ) |
| | ) Honorable Jack B. Schmetterer |
| Debtor. | ) |
| | ) **Hearing Date: October 23, 2018** |
| | ) **Hearing Time: 10:00 a.m. prevailing local time** |
| | ) |

**NOTICE OF MOTION – FINAL FEE APPLICATION OF
FAEGRE BAKER DANIELS LLP AS SPECIAL COUNSEL FOR THE DEBTOR**

To:     See Attached Service List

PLEASE TAKE NOTICE that on **Tuesday, October 23, 2018 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer or any other judge sitting in his stead in Courtroom 682 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the **FINAL FEE APPLICATION OF FAEGRE BAKER DANIELS LLP AS SPECIAL COUNSEL FOR THE DEBTOR**, a copy of which is hereby served upon you.

Dated: October 2, 2018

/s/ Nora S. Tauke Schweighart
Nora S. Tauke Schweighart
Michael R. MacPhail
Mike T. Gustafson
Faegre Baker Daniels LLP
311 S. Wacker Drive
Suite 4300
Chicago, IL 60606
Phone: (312) 212-6500
Fax: (312) 212-6501
*Special Counsel to the Debtor*

---

[1] Quadrant 4 System Corporation (**"Q4"**) filed this Chapter 11 on June 29, 2017, as Case No. 17-19689 (**"Q4 Chapter 11 Case"**). Q4's wholly owned subsidiary, Stratitude, Inc. (**"Stratitude"**, and together with Q4, the **"Debtors"**) filed a related Chapter 11 case on October 13, 2017, as Case No. 17-30724 (together with the Q4 Chapter 11 Case, the **"Chapter 11 Cases"**). The Chapter 11 Cases are being jointly administered pursuant an order of the Court entered on October 19, 2017 [Q4 Docket No. 192], with the Q4 Chapter 11 Case as the lead case.

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on October 2, 2018, I electronically filed the **NOTICE OF MOTION** and the **FINAL FEE APPLICATION OF FAEGRE BAKER DANIELS LLP AS SPECIAL COUNSEL FOR THE DEBTOR** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following individuals.

- **R Scott Alsterda**   rsalsterda@nixonpeabody.com
- **Peter L Berk**   plberk@orb-legal.com, hmilman@orb-legal.com;milmanhr42820@notify.bestcase.com;hmbonesteel@gmail.com
- **Michael A Brandess**   mbrandess@sfgh.com, bkdocket@sfgh.com
- **Erich S Buck**   ebuck@ag-ltd.com, aweir@ag-ltd.com
- **Sonia U Chae**   chaes@sec.gov
- **Nicholas R Dwayne**   ndwayne@ag-ltd.com, tslack@ag-ltd.com
- **Matthew T. Gensburg**   MGensburg@gcklegal.com
- **Chad H. Gettleman**   cgettleman@ag-ltd.com, ts@ag-ltd.com
- **Peter J Haley**   peter.haley@nelsonmullins.com, marie.moss@nelsonmullins.com
- **Aaron L. Hammer**   ahammer@hmblaw.com, ecfnotices@hmblaw.com
- **Stephanie K. Hor-Chen**   schen@vedderprice.com
- **Gregory J Jordan**   gjordan@jz-llc.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Marc S Lichtman**   agent007@lichtmanpartners.com, keisen@lichtmanpartners.com
- **Douglas J. Lipke**   dlipke@vedderprice.com, ecfdocket@vedderprice.com;7610@ecf.pacerpro.com;doug-lipke-7162@ecf.pacerpro.com
- **Mark Melickian**   mmelickian@sfgh.com, joconnor@sfgh.com;mbrandess@sfgh.com;bkdocket@sfgh.com
- **David A. Newby**   dnewby@momkus.com, lholub@momkus.com
- **Richard B. Polony**   rpolony@hinshawlaw.com, sedelmai@hinshawlaw.com,courtfiling@hinshawlaw.com,cortiz@hinshawlaw.com
- **Mark L Radtke**   mradtke@foxrothschild.com, plove@foxrothschild.com;chdocket@foxrothschild.com
- **Nathan Q. Rugg**   Nathan.Rugg@bfkn.com, jean.montgomery@bfkn.com
- **Nora Schweighart**   nora.schweighart@faegrebd.com, faegrebddocket@faegrebd.com,darlene.walker@FaegreBD.com
- **Brian L Shaw**   bshaw@foxrothschild.com, cknez@foxrothschild.com
- **Elizabeth B Vandesteeg**   evandesteeg@sfgh.com, bkdocket@sfgh.com

/s/ Nora S. Tauke Schweighart
Nora S. Tauke Schweighart, Esq.

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 17-19689 |
| QUADRANT 4 SYSTEM CORPORATION, | ) (Jointly Administered) |
| et al[1], | ) |
|  | ) Honorable Jack B. Schmetterer |
| Debtors, | ) |
|  | ) **Hearing Date: October 23, 2018** |
|  | ) **Hearing Time: 10:00 a.m. prevailing local time** |
|  | ) |

**COVER SHEET FOR THE FINAL FEE APPLICATION OF
FAEGRE BAKER DANIELS LLP AS SPECIAL COUNSEL FOR THE DEBTOR**

Name of Applicant:                     Faegre Baker Daniels LLP

Authorized to provide professional services     Quadrant 4 System Corporation, as debtor
to:                                    and debtor in possession

Date of Retention and Order Authorizing     June 29, 2017, pursuant to Order entered on
Employment:                            August 3, 2017 [Docket No. 104]

Period for which compensation and     From June 29, 2017 through September 13,
reimbursement is sought:               2018

Amount of Fees Sought:                 $33,553.62

Amount of Expense Reimbursement Sought:     $39.88

This is an:                             ___ interim  _X_  final application.

If this is *not* the first application filed herein by this professional, disclose as to all prior fee
applications:

---

[1] Quadrant 4 System Corporation (**"Q4"**) filed this Chapter 11 on June 29, 2017, as Case No. 17-19689 (**"Q4 Chapter 11 Case"**). Q4's wholly owned subsidiary, Stratitude, Inc. (**"Stratitude"**, and together with Q4, the **"Debtors"**) filed a related Chapter 11 case on October 13, 2017, as Case No. 17-30724 (together with the Q4 Chapter 11 Case, the **"Chapter 11 Cases"**). The Chapter 11 Cases are being jointly administered pursuant an order of the Court entered on October 19, 2017 [Docket No. 192], with the Q4 Chapter 11 Case as the lead case.

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| n/a | n/a | n/a | n/a | n/a |

Dated: October 2, 2018

/s/ Nora S. Tauke Schweighart
Nora S. Tauke Schweighart
Michael R. MacPhail
Mike T. Gustafson
Faegre Baker Daniels LLP
311 S. Wacker Drive
Suite 4300
Chicago, IL 60606
Phone: (312) 212-6500
Fax: (312) 212-6501
*Special Counsel to the Debtor*

US.120181264.07

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>QUADRANT 4 SYSTEM CORPORATION, et al[1],<br><br>Debtors, | ) Chapter 11<br>)<br>) Case No. 17-19689<br>) (Jointly Administered)<br>)<br>) Honorable Jack B. Schmetterer<br>)<br>) **Hearing Date: October 23, 2018**<br>) **Hearing Time: 10:00 a.m. prevailing local time**<br>) |

**FINAL FEE APPLICATION OF
FAEGRE BAKER DANIELS LLP AS
SPECIAL COUNSEL FOR THE DEBTOR**

Faegre Baker Daniels LLP ("**FaegreBD**"), special counsel for Quadrant 4 System Corporation (the "**Debtor**") for securities litigation and related matters, hereby submits its *Final Fee Application of Faegre Baker Daniels LLP as Special Counsel for the Debtor* (the "**Fee Application**"), relating to services rendered and expenses incurred from June 29, 2017 through September 13, 2018 (the "**Fee Application Period**"), and in support thereof, states:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Quadrant 4 System Corporation ("**Q4**") filed this Chapter 11 on June 29, 2017, as Case No. 17-19689 ("**Q4 Chapter 11 Case**"). Q4's wholly owned subsidiary, Stratitude, Inc. ("**Stratitude**", and together with Q4, the "**Debtors**") filed a related Chapter 11 case on October 13, 2017, as Case No. 17-30724 (together with the Q4 Chapter 11 Case, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered pursuant an order of the Court entered on October 19, 2017 [Docket No. 192], with the Q4 Chapter 11 Case as the lead case.

5

3.    The statutory bases for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**" or the "**Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**").

## BACKGROUND

4.    On June 29, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned Chapter 11 case (the "**Chapter 11 Case**"). Since the Petition Date, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with sections 1107(a) and 1108 of the Code.

5.    On July 6, 2017, an official committee of unsecured creditors (the "**Committee**") was appointed in the Chapter 11 Case.

6.    On July 31, 2017, the Debtor's legal counsel, Adelman & Gettleman, Ltd., filed the *Motion of Debtor to Employ Faegre Baker Daniels LLP as Special Counsel for Securities Litigation and Related Matters* (the "**Retention Application**") [Docket No. 88]. On August 3, 2017, the Court entered an Order authorizing the retention of FaegreBD as special counsel for the Debtor, effective as of June 29, 2017 ("**Retention Order**") [Docket No. 104].

7.    On October 19, 2017, the Court entered an Order jointly administering the Chapter 11 Case with member Case No. 17-30724 of debtor Stratitude, Inc. (together with the Debtor, the "**Debtors**," and, together with the Chapter 11 Case, the "**Chapter 11 Cases**") [Docket No. 192].

8.    On November 7, 2017, the Court entered an Order granting the Debtor's Motion for an Administrative Order Establishing Procedures for Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Comp Order**")

US.120181264.07

[Docket No. 224]. On August 6, 2018, the Court entered its *Order of the Court Sua Sponte [Docket No. 103]* which vacated the Interim Comp Order [Docket No. 500]. As a result, this fee application is governed only by the Bankruptcy Code, Bankruptcy Rules, Local Rules and the applicable guidelines provided by the office of the United States Trustee.

9.      On August 24, 2018, the Court entered an order [Docket No. 527] confirming the Amended Plan of Liquidation (the "**Plan**") [Docket No. 455] in the Chapter 11 Cases.

10.      Pursuant to sections 330 and 331 of the Bankruptcy Code, professionals retained in the Chapter 11 Cases (including FaegreBD) must apply to the Court for final approval and payment of compensation. FaegreBD, in accordance with Local Rule 5082-1, brings this Fee Application pursuant thereto. Pursuant to the notice filed on September 13, 2018 (the "**Effective Date**") [Docket No. 455], all professionals requesting payment of Professional Fee Claims (as defined in the Plan) shall file applications for payment no later than forty-five (45) days after the Effective Date – *i.e.*, on or before October 28, 2018, pursuant to Section 7.10 of the Plan.

**DISCUSSION**

11.      Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses . . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including — (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by the comparably skilled practitioners in cases other than cases under this title.

12.      The Seventh Circuit Court of Appeals has stated that:

7

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

13.     In reviewing the Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for professional services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs* (*In re McCombs*), 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts . . .. Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

14.     In evaluating the Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the services properly, the preclusion of other employment caused by FaegreBD's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results

8

obtained, the experience and ability of the professionals involved, and the amount of awards of

compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

15.     FaegreBD's hourly rates of compensations for attorneys that performed work for

the Debtor during the Fee Application Period range from $355 to $610 per hour. These rates are

comparable to rates charged by other attorneys having the same amount of experience, expertise,

and standing for similar services in this jurisdiction. FaegreBD consistently and consciously made

every reasonable effort to serve the Debtor in the most economical, efficient, and practical manner

possible. Additionally, FaegreBD provided discounts to the Debtor on certain of the fees incurred,

which is a discretionary decision of the law firm but is often normal and customary for FaegreBD

to offer to clients for a variety reasons. In this case, the discounts amounted to $7,105.38 (the

"**Discount**"), which represents a reduction of approximately 17% of the fees incurred by the

Debtor.

16.     A summary of the compensation requested herein regarding each of FaegreBD's

attorneys is set forth below. The Discount has been applied below.

| Attorney | Title | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Ruben Gonzalez | Associate | $355 | 11.50 | $4,082.50 |
| Maggie Cass | Associate | $395 | 4.20 | $1,659.00 |
| Nora Schweighart | Partner | $535/570[2] | 22.10 | $11,823.50 |
| Michael MacPhail | Partner | $555/590 | 29.00 | $16,116.00 |
| Colby A. Kingsbury | Partner | $585 | 1.40 | $819.00 |
| Joel Hammerman | Partner | $600 | 6.30 | $3,780.00 |
| Rikke Dierssen-Morice | Partner | $610 | 1.60 | $976.00 |
| David Porteous | Partner | $610 | 2.30 | $1,403.00 |
| | | SUBTOTAL: | 78.40 | $40,659.00 |
| | | *LESS DISCOUNT* | | $7,105.38 |
| | | **TOTAL FEES REQUESTED:** | | **$33,553.62** |

17.     No agreement or understanding exists between FaegreBD and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

18.     FaegreBD performed the services for which it is seeking compensation on behalf of the Debtor and its estate and not on behalf of any committee, creditor, or other person.

19.     FaegreBD has received no payment and no promises for payment from any source other than the Debtor for services rendered in assisting the Debtor in carrying out its duties under the Bankruptcy Code.

20.     FaegreBD reserves the right to correct, amend, or supplement this Fee Application, including without limitation, to seek payment in the event this Fee Application is not approved in full.

21.     Pursuant to the procedures contained in the Interim Comp Order, the Debtor previously paid to FaegreBD the sum of $21,789.18 for services covered by this Fee Application.

---

[2] FaegreBD's normal and customary annual rate increases occur in January of each calendar month. Where attorneys performed work in both calendar year 2017 and 2018 and their rate increased, the hourly rates for that attorney in both years is shown.

US.120181264.07

As part of this Fee Application, FaegreBD requests that it be authorized on a final basis to apply

said amount against the amounts due and owing to FaegreBD.

## SERVICES RENDERED

22.     This Fee Application sets forth in detail the work performed by FaegreBD and the

time spent during the Fee Application Period. All the services rendered are divided into subject

matter categories ("**Matter Categories,**" and if singular, a "**Matter Category**"). All Matter

Categories below include a header reflecting the actual hours expended and compensation

requested by this Fee Application.

23.     The attached Exhibit A is a summary chart of the fees requested by invoice, matter

category, and attorney and includes the hourly rate of each attorney who performed services with

respect to the Fee Application Period. The attached Exhibit B are the monthly invoices prepared

by FaegreBD. The Exhibit B invoices describe the legal services for which compensation is sought

and: (a) identify the individuals that rendered services in each matter; (b) describe each activity or

service that each individual performed; and (c) state the number of hours (in increments of one-

tenth of an hour) spent by each individual providing the services. The Exhibit B invoices also

include detailed itemizations and descriptions of expenses that are included in the Fee Application

Period.

**Category 1— Litigation (SEC Investigations): Hours: 42.70 Fees: $16,823.50**

24.     The 42.70 hours spent in this Litigation matter category primarily concerned

FaegreBD's work as counsel to the Debtor in connection with the Securities and Exchange

Commission's lawsuit, *SEC v. Quadrant 4 System Corp. et al.*, Civ. No. 17-cv-14883 (N.D. Ill.)

and related matters (as defined and explained in the Retention Application). Such work consisted

of legal research and analysis, preparation, telephone conferences, correspondence, negotiations,

monitoring related litigation, drafting pleadings, and provision of general legal counseling related

US.120181264.07

to the foregoing.

25.     A Discount of $4,170.00 was applied against the Category 1 fees incurred, the above $16,823.50 reflects that deduction.

**Category 2 — Employment and Fee Applications: Hours: 25.6 Fees: $10,842.62**

26.     The 25.6 hours spent in the Employment and Fee Applications matter category primarily concerned the preparation, review, drafting, and correspondence related to production of the pleadings necessary to prepare the Retention Application and comply with the Court's Interim Comp Order and with provisions of the Code, Bankruptcy Rules, and Local Rules providing for retention of professionals and approval of their fees and expenses incurred for their professional services. No time spent preparing this Fee Application was billed to the Debtor.

27.     A Discount of $2,935.38 was applied against the Category 2 fees incurred, the above $10,842.62 reflects that deduction.

**Category 3— Litigation (Criminal Monitoring and Communications): Hours: 10.10 Fees: $5,887.50**

28.     The 10.10 hours spent in this Litigation matter category primarily concerned FaegreBD's work as counsel to the Debtor in connection with criminal litigation against the Debtor's former executives and related matters (as defined and explained in the Retention Application). *See U.S. v. Thondavadi*, No. 1:16-cr-00772 (N.D. Ill.). Such work consisted of telephone conferences, monitoring court dockets, negotiations, and provision of general legal counseling related to the foregoing.

**REASONABLE EXPENSES INCURRED**

29.     FaegreBD has incurred expenses of $39.88 in connection with its services rendered to the Debtor during the Fee Application Period. These expenses represent actual out-of-pocket costs for items incurred exclusively for the benefit of the Debtor, including courier services and

US.120181264.07

computerized legal research. FaegreBD submits that all such expenses are necessary and actual

expenses for the performance of its duties as special counsel for the Debtor.

30.     A summary of the expenses incurred are incorporated in each monthly invoice as

part of Exhibit B, attached hereto. Expenses during the Fee Application Period were incurred in

the following general categories:

| Expense Type | Total Reimbursement Requested |
|---|---|
| Courier Service | $17.88 |
| Computerized Legal Research | $22.00 |

31.     Courier Service. The Courier Service expenses incurred primarily concerned

necessary transportation by third-party servicers of hard-copy original documents or document

storage devices related to services rendered to the Debtor. These expenses are set forth in detail in

Exhibit B, attached.

32.     Computerized Legal Research. The Computerized Legal Research expenses

incurred primarily concern the charges incurred relating to third-party web-based legal research

databases, docket searches, and pleading recoveries performed on behalf of the Debtor. These

expenses are set forth in detail in Exhibit B, attached.

## BENEFIT TO THE ESTATES

33.     FaegreBD submits that the services rendered during the Fee Application Period

were beneficial to the estates, and that its requested compensation should be approved on a final

basis.

34.     FaegreBD submits that its fees are fair and reasonable given, among other things:

(a) the complexity of this chapter 11 case; (b) the time expended; (c) the nature and extent of the

services rendered; (d) the value of such services; and (e) the costs of comparable services other

than in a case under the Bankruptcy Code.

US.120181264.07

35.     FaegreBD submits that the legal services provided to the Debtor benefited the estate by ensuring that the value of the estates are maximized for the benefit of all parties-in-interest and that any civil litigation filed against the Debtor was dispensed with in a time and cost-efficient manner.

## NOTICE

36.     Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Fee Application has been provided to all CM/ECF parties in this case.  Notice of the hearing on this Fee Application and the applications of other professionals is being mailed by the Debtor to its creditors and other parties in interest on October 2, 2018, providing at least twenty-one days' notice as required by Bankruptcy Rule 2002(a)(6).

US.120181264.07

**CONCLUSION**

WHEREFORE, FaegreBD respectfully requests that the Court enter an order substantially in the form attached hereto:

(a)     allowing FaegreBD, on a final basis, $33,553.62 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b)     allowing FaegreBD, on a final basis, $39.88 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c)     authorizing the Debtor to pay, in accordance with the Plan, $11,804.32, which represents amounts owing to FaegreBD on account of the Fee Application that have not previously been paid to FaegreBD;

(d)     authorizing FaegreBD to apply the $21,789.18 previously paid by the Debtor pursuant to the Interim Comp Order against the total amount due on a final basis;

(e)     and granting such other and further relief as the Court deems just and proper.

Dated: October 2, 2018

/s/ Nora S. Tauke Schweighart
Nora S. Tauke Schweighart
Michael R. MacPhail
Mike T. Gustafson
Faegre Baker Daniels LLP
311 S. Wacker Drive
Suite 4300
Chicago, IL 60606
Phone: (312) 212-6500
Fax: (312) 212-6501
*Special Counsel to the Debtor*

US.120181264.07