## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| *In re:* | ) | Chapter 11 |
| | ) | |
| QUADRANT 4 SYSTEM | ) | Case No. 17-19689 |
| CORPORATION, *et al.*[1] | ) | (Jointly administered) |
| | ) | |
| Debtors. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | **Hearing Date: October 23, 2018** |
| | ) | **Hearing Time: 10:00 a.m.** |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: Silverman Consulting, Inc.

Authorized to Provide Professional Services to: Quadrant 4 System Corporation, debtor and debtor in possession

Date of Order Authorizing Employment:  August 3, 2017 (retroactive to June 29, 2017)

Period for Which Final Compensation is Sought:  June 29, 2017 – September 13, 2018

Amount of Fees and Expenses Sought to be Allowed: Total aggregate final compensation in the amount of $387,095.00 and reimbursement of expenses of $3,671.29 to be allowed, and payment, after deduction of prepayment and all prior payments, of the unpaid amount of $23,863.00, representing the net final payment of additional compensation and costs.

This is a(n): ___ Interim Application   __X__ Final Application.

Applicant filed an interim fee application on July 5, 2018, which was granted by order of the Court entered August 8, 2018 [Docket No. 498]. Pursuant thereto and that Order Establishing Procedures for the Payment of Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 103], Movant has received payments of interim compensation totaling $363,300 and reimbursement of expenses totaling $3,603.29.

Date:                                                    Applicant:

October 2, 2018                                SILVERMAN CONSULTING, INC.

                                                          By: *hassaam.*

                                                               HASSAAN MANSOOR.

Silverman Consulting
5750 Old Orchard Rd, Suite 520
Skokie, IL 60077 Tel. 847-470-0200

---

[1] The Chapter 11 case of Quadrant 4 System Corporation was filed on June 29, 2017, as Case No. 17-19689 (the "**Q4 Chapter 11 Case**"), and is being jointly administered with the pending Chapter 11 case filed by Quadrant 4 System Corporation's wholly owned subsidiary, Stratitude, Inc., on October 13, 2017, as Case No. 17-30724 (the "**Stratitude Chapter 11 Case**"), pursuant to an order of the Bankruptcy Court entered on October 19, 2017 in both Chapter 11 cases [Q4 Docket No. 192 and Stratitude Docket No. 38].

983831_1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUADRANT 4 SYSTEM | ) | Case No. 17-19689 |
| CORPORATION, et al, [1] | ) | (Jointly administered) |
| | ) | |
| Debtors. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | **Hearing Date: October 23, 2018** |
| | ) | **Hearing Time: 10:00 a.m.** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Tuesday, October 23, 2018, at 10:00 a.m.,** we shall appear before the Honorable Jack B. Schmetterer of the United States Bankruptcy Court for the Northern District of Illinois, or any other judge sitting in his place and stead, at Courtroom 682 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **APPLICATION OF SILVERMAN CONSULTING, INC. FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISORS TO QUADRANT 4 SYSTEM CORPORATION,** a copy of which is hereby served upon you.

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
ERICH S. BUCK, ESQ. (ARDC #6274635)
NICHOLAS R. DWAYNE (ARDC #6308927)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd, Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for Debtors**

---

[1] This case was filed on June 29, 2017, as Case No. 17-19689, and is being jointly administered with the pending Chapter 11 case filed by the Debtor's wholly owned subsidiary, Stratitude, Inc., on October 13, 2017 as Case No. 17-30724, pursuant an order of this Court entered on October 19, 2017 [Docket No. 38].

984013_1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that true and correct copies of this notice and the documents referred to therein were served upon the parties listed on the below service list via CM/ECF on October 2, 2018.

By: /s/ Erich S. Buck
Erick S. Buck, Esq.

## SERVICE LIST

**VIA CM/ECF**

***Attorney for U.S. Securities and Exchange Commission***
- Sonia U Chae    chaes@sec.gov

***Attorney(s) for BMO Harris Bank, N.A.***
- Stephanie K. Hor-Chen    schen@vedderprice.com, ecfdocket@vedderprice.com 7610@ecf.pacerpro.com, stephanie-hor-7103@ecf.pacerpro.com
- Douglas J. Lipke    dlipke@vedderprice.com, ecfdocket@vedderprice.com 7610@ecf.pacerpro.com, doug-lipke-7162@ecf.pacerpro.com

***U.S. Trustee***
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

***Attorney(s) for First Tek, Inc. and First Tek Services Private Limited***
- Mark L Radtke    mradtke@shawfishman.com, plove@shawfishman.com
- Brian L Shaw    bshaw100@shawfishman.com, cknez@shawfishman.com
- Peter L Berk    plberk@orb-legal.com, hmilman@orb-legal.com, milmanhr42820@notify.bestcase.com, hmbonesteel@gmail.com

***Attorney for BIP Quadrant 4 System Debt Fund I, LLC***
- Matthew T. Gensburg    MGensburg@gcklegal.com
- Peter J Haley    peter.haley@nelsonmullins.com, marie.moss@nelsonmullins.com

***Attorney(s) for Creditor Committee***
- Aaron L. Hammer    ahammer@hmblaw.com, ecfnotices@hmblaw.com
- Michael A Brandess    mbrandess@sfgh.com, bkdocket@sfgh.com
- Mark Melickian    mmelickian@sfgh.com, joconnor@sfgh.com, mbrandess@sfgh.com, bkdocket@sfgh.com

***Attorney for Khannan Sankaran, Pankaj Kalra, Ashish Sanan***
- David A. Newby    dnewby@momlaw.com, lholub@momlaw.com

984013_1

***Attorney for Quadrant 4 System Corporation***
- R Scott Alsterda      rsalsterda@nixonpeabody.com
- Nathan Q. Rugg      Nathan.Rugg@bfkn.com, jean.montgomery@bfkn.com

***Attorney for Jordan & Zito LLC***
- Gregory J. Jordan      gjordan@jz-llc.com

***Attorney for Cigna Health and Life Insurance Company***
- Richard B. Polony      rpolony@hinshawlaw.com, sedelmai@hinshawlaw.com, courtfiling@hinshawlaw.com, cortiz@hinshawlaw.com

***Attorney for Schaumburg CC Owner, LLC***
- Marc S Lichtman      agent007@lichtmanpartners.com, keisen@lichtmanpartners.com

***Attorney for Faegre Baker Daniels LLP, Special Counsel***
- Nora Schweighart      nora.schweighart@faegrebd.com, faegrebddocket@faegrebd.com, darlene.walker@FaegreBD.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUADRANT 4 SYSTEM CORPORATION, et al[1], | ) | Case No. 17-19689 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | **Hearing Date and Time:** |
| | ) | **October 23, 2018 at 10:00 a.m.** |
| _____ | ) | |

**APPLICATION OF SILVERMAN CONSULTING, INC. FOR ALLOWANCE
AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL ADVISORS TO QUADRANT 4 SYSTEM CORPORATION**

TO:    THE HONORABLE JACK B. SCHMETTERER,
        U.S. BANKRUPTCY JUDGE:

Now come Michael A. Silverman[2], Hassaan Mansoor, Greg Schmitt, Alex Bauer and Pat

O'Malley on behalf of the firm of Silverman Consulting, Inc. ("**Silverman Consulting**"), financial

advisors to Quadrant 4 System Corporation, debtor and debtor in possession herein (the "**Debtor**"),

pursuant to 11 U.S.C. §§ 327 and 330, and the *Order Granting Debtor's Motion for an Order*

*Authorizing Employment of Silverman Consulting, Inc.* [Docket No. 101] pursuant to 11 U.S.C. §

327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"),

---

[1] The Debtor filed a Chapter 11 case in this District on June 29, 2017, as Case No. 17-19689 (the
"**Chapter 11 Case**"). Following the filing of a Chapter 11 case by Stratitude, Inc. ("**Stratitude**"), the
Debtor's wholly-owned subsidiary, on October 13, 2017, as Case No. 17-30724 (the "**Stratitude
Chapter 11 Case**," and together with the Chapter 11 Case, the "**Chapter 11 Cases**"), and pursuant an
order of this Court ("**Court**") entered on October 19, 2017 [Docket No. 38], the Chapter 11 Cases are
being jointly administered with the Chapter 11 Case as the lead case. For purposes of this Final Fee
Application, any reference to documents specifically referenced in the docket maintained in the Stratitude
Chapter 11 Case shall be referred to as the "[Stratitude Docket No.___]". All other references to a docket
number shall be to the docket maintained in the Chapter 11 Case.
[2] Until the Plan Effective Date (defined below), Mr. Silverman also served as a member of the Boards of
Directors for the Debtor and Stratitude. None of the services for which Silverman Consulting seeks
compensation under the Final Fee Application are for services rendered in Mr. Silverman's former
capacity as a director of the Debtor.

respectfully submit this application (this "**Final Fee Application**") for (a) allowance of final compensation in the amount of $387,095.00 for the actual, reasonable, and necessary services Silverman Consulting rendered to the Debtor from June 29, 2017 through September 13, 2018 (the "**Application Period**"), (b) allowance of the actual, reasonable and necessary expenses that Silverman Consulting incurred in the amount of $3,671.29 during the Application Period, and (c) payment of all allowed fees and expenses for which Silverman Consulting has not received payment to date, covering the period of June 1, 2018 through September 13, 2018 (the "**Unpaid Services Period**"), in the amount of $23,863.00.  In further support of this Final Fee Application, Silverman Consulting respectfully states:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3.      The statutory bases for the relief requested herein are sections 105(a) and 330 of the Bankruptcy Code (the "**Bankruptcy Code**").  The applicable rule is Rule 5082-1 of the Local Rules of Bankruptcy Procedure for the Northern District of Illinois, Eastern Division (the "**Local Rule(s)**").

## BACKGROUND

### The Chapter 11 Cases

4.      On June 29, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the Chapter 11 Case. From the Petition Date until the Plan Effective Date (defined below), the Debtor remained in possession of

its assets and continued to operate its businesses as a debtor in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On October 13, 2017 (the "**Stratitude Petition Date**"), Stratitude, a wholly-owned subsidiary of the Debtor, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the Stratitude Chapter 11 Case. On October 19, 2017, this Court entered an order holding that the Chapter 11 Case and the Stratitude Chapter 11 Case would be jointly administered for procedural purposes only, with the Chapter 11 Case serving as the lead case [Docket No. 192].

6.      On July 6, 2017, an official committee of unsecured creditors (the "**Committee**") was appointed in the Chapter 11 Case. The Office of the United States Trustee filed an amended notice of appointment on October 24, 2017 [Docket No. 195], to reflect the addition of a creditor of Stratitude to the Committee in the jointly-administered Chapter 11 Cases.

7.      The nature of the Debtor's business and the factual background relating to the commencement of the Chapter 11 Case are set forth in more detail in that certain *Declaration of Robert H. Steele in Support of Chapter 11 Petition and First-Day Motions* [Docket No. 7] (the "**Declaration**") filed on the Petition Date and incorporated herein by reference.[3]

**Confirmation and Effective Date of the Debtors' Chapter 11 Plan**

8.      On July 6, 2018, the Debtors and the Committee filed their *Amended Joint Plan of Liquidation of Quadrant 4 System Corporation and Stratitude, Inc. and the Official Committee of Unsecured Creditors* [Docket No. 455] (the "**Chapter 11 Plan**"). By order entered on August 24, 2018 [Docket No. 527], the Court confirmed the Chapter 11 Plan.

---

[3]  Any capitalized terms not otherwise defined in the Final Fee Application shall have the same meaning as ascribed in the Declaration.

9.      On September 13, 2018, the "Effective Date" of the Chapter 11 Plan, as that term is defined under the Chapter 11 Plan, occurred (the "**Plan Effective Date**") [*see* Docket No. 536]. Upon the Plan Effective Date, Amherst Partners, LLC (the "**Liquidating Trustee**") was appointed Liquidating Trustee of the Quadrant 4 Liquidating Trust (the "**Liquidating Trust**"), and all assets of the Debtors' estates were transferred to the Liquidating Trust in accordance with the Chapter 11 Plan.  The Liquidating Trustee shall administer the Liquidating Trust until the Chapter 11 Cases are closed, including the continued liquidation of assets and distributions to creditors in accordance with the Chapter 11 Plan.

10.     Under the terms of the Chapter 11 Plan, all professionals retained in the Chapter 11 Cases requesting payment of "**Professional Fee Claims**" (as defined under the Chapter 11 Plan) are required to file applications for payment no later than forty-five (45) days after the Plan Effective Date – i.e., on or before October 28, 2018.

11.     Following the Plan Effective Date, all of the remaining funds of the Debtors located in the Debtors' bank accounts, including all monies designated for payment of any remaining administrative expenses such as Professional Fee Claims, were transferred or will soon be transferred to the Liquidating Trust for distribution by the Liquidating Trustee.  Payment by the Liquidating Trustee of Professional Fee Claims, including the payment of fees and expenses of Silverman Consulting requested herein, are subject to further order of the Court authorizing the same.

**<u>Retention and Prior Compensation of Silverman Consulting in the Chapter 11 Case</u>**

12.     Silverman Consulting's employment by the Debtor was approved by order of the Court entered on August 4, 2017 [Docket No. 101] (the "**Employment Order**").[4]  Pursuant to the Employment Order, Silverman Consulting was required to file with the Court, and provide notice to the United States Trustee and the Committee, reports of the compensation earned and expenses incurred by Silverman Consulting on a monthly basis (the "**Monthly Report(s)**").

13.     As required by the Employment Order, the Monthly Reports prepared by Silverman Consulting contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Further, time records were appended to the Monthly Reports, containing detailed time entries describing the task(s) performed and organized by project category. To date, Silverman Consulting has filed Monthly Reports in the Chapter 11 Case covering the Application Period. [*See* Docket Nos. 189, 202, 228, 270, 271, 411, 412, 413, 414, 430, 444, 538, 540 & 545].

14.     On July 5, 2018, Silverman Consulting caused to be filed the *First Interim Application of Silverman Consulting, Inc. for Compensation and Reimbursement of Expenses as Financial Advisors to Quadrant 4 System Corporation for the Period from June 29, 2017 through May 31, 2018* [Docket No. 448] (the "**Interim Fee Application**").  Pursuant to the Interim Fee Application, Silverman Consulting sought allowance of total interim compensation in the amount of $363,300.00 and reimbursement of expenses of $3,603.29 for services rendered to the Debtor from the Petition Date through May 31, 2018 (the "**Interim Application Period**"),

---

[4] The Court approved Silverman Consulting's employment by Stratitude pursuant to a separate order entered on November 8, 2017 [Docket No. 222].

and payment of $71,256.00 representing unpaid compensation during the Interim Application Period[5].

15.     By order entered on August 8, 2018 [Docket No. 498], the Court granted the Interim Fee Application, and the Debtor subsequently paid Silverman Consulting $71,256.00 pursuant to such order.[6]

## TERMS AND CONDITIONS OF COMPENSATION OF SILVERMAN CONSULTING

16.     By this Final Fee Application, Silverman Consulting seeks entry of a Court order: (a) authorizing final allowance of all professional fees and expenses during the Application Period; and (b) authorizing payment of all professional fees and expenses during the Unpaid Services Period.

17.     Silverman Consulting seeks final compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Silverman Consulting during the Application Period.  The rates charged by Silverman Consulting in this Final Fee Application are the usual and customary hourly rates charged by Silverman Consulting to other clients.  These rates are comparable with, or lower than, the rates generally charged by other financial consulting firms and the rates are reasonable in amount.  Billing for these expenses is the standard practice for financial consulting firms.

---

[5] Pursuant to the *Order Establishing Procedures for the Payment of Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 103] (the "**Interim Compensation Order**") entered by the Court on August 4, 2017, Silverman Consulting received interim payments totaling $245,647.29 for fees and expenses incurred.  Given the payments received prior to the Interim Fee Application, Silverman Consulting only sought additional payment of $71,256, representing unpaid "holdbacks" under the Interim Compensation Order less any remaining prepayment as of the Petition Date.

[6] By *sua sponte* order entered on August 8, 2018 [Docket No. 500] in conjunction with approval of, among other professional fee applications, Silverman Consulting's Interim Fee Application, the Court vacated the Interim Compensation Order, and ordered that any further compensation of Silverman Consulting or any other professionals subject to the Interim Compensation Order be paid only upon further application to the Court.  Accordingly, Silverman Consulting has not received any payments for

18.     With respect to services rendered by Silverman Consulting during the Interim Application Period – i.e., June 29, 2017 through May 31, 2018 – copies of Silverman Consulting's billing summaries and statements are attached as Exhibits A – D to the Interim Fee Application [Docket No. 448] and incorporated herein by reference.

19.     With respect to services rendered by Silverman Consulting during the Unpaid Services Period – i.e., June 1, 2018 through September 13, 2018 – a summary of the hours spent, the names of each professional rendering services to the Debtor, the regular customary billing rates and the total value of time incurred by each of the Silverman Consulting consultants rendering services to the Debtor is attached hereto as Exhibit A.

20.     In accordance with the United States Trustee's Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, a copy of Silverman Consulting's daily time records during the Unpaid Services Period by project category by consultant is attached hereto as Exhibit B.   Exhibit B provides (i) a project code category; (ii) the name of each financial consultant; (iii) the date on which such services were rendered; (iv) the time spent on such date for such services; and (v) a description of the nature of the services rendered.   A summary statement of fees and expenses incurred by Silverman Consulting during the Unpaid Services Period is attached hereto as Exhibit C.   A statement of expenses incurred by Silverman Consulting during the Unpaid Services Period is attached hereto as Exhibit D.

21.     All time entries and requested expenses, during both the Interim Application Period and the Unpaid Services Period (i.e., the Application Period), are in compliance with Local Rule 5082-1.

(..continued)
services rendered after the Interim Application Period, having not filed any further applications with the Court until this Final Fee Application.

22.     All services and costs for which compensation is requested by Silverman Consulting in this Final Fee Application were reasonable and necessary and were performed for and on behalf of the Debtor during the Application Period.

23.     Further, Silverman Consulting has not billed this estate in this Final Fee Application for "overhead": (a) clerical help; (b) facsimile transmissions; and (c) copies.

## NARRATIVE SUMMARY DESCRIPTION OF SERVICES

24.     To assist the Court in its review of the fees sought by Silverman Consulting, a breakdown of the services rendered by Silverman Consulting during the Application Period and during the Unpaid Services Period is set forth in the tables below:

**Application Period:**

| Task | Total Hours | Total Fees |
|---|---|---|
| General Financial Advice and Operational Matters | 536.5 | $137,015.00 |
| Asset Sales and Related Due Diligence; Closing of Sales | 444.1 | $151,360.00 |
| General Administration | 376.9 | $98,720.00 |
| **Total** | **1,357.5** | **$387,095.00** |

**Unpaid Services Period:**

| Task | Total Hours | Total Fees |
|---|---|---|
| General Financial Advice and Operational Matters | 54.1 | $12,460.00 |
| Asset Sales and Related Due Diligence; Closing of Sales | 2.3 | $540.00 |
| General Administration | 43.5 | $10,795.00 |
| **Total** | **99.9** | **$23,795.00** |

25.     During the <u>Interim Application Period</u>, Silverman Consulting provided the Debtor with a wide range of services, including but not limited to: (a) assisting the Debtor in securing debtor-in-possession financing and use of cash collateral from BMO Harris Bank, N.A. ("**BMO**"), the Debtor's senior secured lender; (b)  preparation of cash-flow reports and budgets for the Debtor; (c) preparation of the Debtor's monthly operating reports; (d) and assisting the Debtor in its efforts to sell substantially all of its assets.  More detailed description of services rendered by Silverman Consulting for the Debtor during the Interim Application Period can be found in paragraphs 18-21 of the Interim Fee Application [Docket No. 448], which is incorporated herein by reference.

26.     During the <u>Unpaid Services Period</u>, Silverman Consulting rendered the following services on behalf of the Debtor:

a.     <u>General Financial Advice and Operational Matters</u>:  Silverman Consulting provided general advice to the Debtor concerning a host of post-petition financial matters.  These services included communications with the Debtor and the Debtor's bankruptcy counsel regarding weekly cash-flow budgets, financial projections and vendor issues.  Silverman Consulting prepared weekly cash-flow budgets for the Debtor and reviewed trade terms with the Debtor's vendors and vendor correspondence regarding the impact of the Chapter 11 Case.  Silverman also interfaced with BMO on behalf of the Debtor.

Silverman Consulting also was instrumental in handling the relationship between the Debtor and its overseas employee sub-contractor as it related to the operations of the Debtor's businesses; the transition from the old sub-contractor (Quadrantfour Software Solutions Private Limited) to the new sub-contractor (First Tek Services Private

Limited); and the eventual termination and settlement agreement with the new sub-contractor, which saved an additional $160,000 for the estate.  Silverman Consulting also assisted the Debtor in preparing the Debtor's final, wind-down budget and negotiating the same with BMO, including ensuring that each of the Debtors maintained sufficient funding by BMO to pay all administrative expenses of the estates.

      b.    <u>Assets Sales and Related Due Diligence; Closing of Sales</u>:   While substantially all of the Debtor's assets were sold prior to the Unpaid Services Period, Silverman Consulting assisted the Debtor in addressing a potential post-closing dispute over accounts receivable with Intellyk Inc., the purchaser of the Debtor's assets from its "Legacy Staffing" business unit.

      c.    <u>General Administration:</u>   Silverman Consulting assisted the Debtor and the Debtor's bankruptcy counsel in preparing certain bankruptcy filings, including the Chapter 11 Plan and the Debtors' Amended Disclosure Statement to the Chapter 11 Plan [Docket No. 456] (the "**Disclosure Statement**").   These specific services include communications with the Debtor and the Debtor's bankruptcy counsel regarding the Debtor's assets and liabilities, executory contracts, and the preliminary claims analysis required for the Disclosure Statement.   Silverman Consulting attending hearings when necessary, including the hearings on adequacy of the Disclosure Statement and confirmation of the Chapter 11 Plan, the latter of which one of Silverman Consulting's consultants was called upon to testify in support of confirmation.   Silverman Consulting also communicated with the Committee and the Committee's financial advisors as it related to the aforementioned filings. Further, Silverman Consulting acted as a liaison

between the Committee and the Debtors secured lenders (BMO and BIP Lender, LLC) when necessary.

This category of services by Silverman Consulting also included assisting the Debtors in preparing for the post-confirmation termination of remaining operations and/or transitioning such operations to the Liquidating Trustee in advance of the Plan Effective Date.  This category also includes the preparation of monthly operating reports for the Debtor, as required by the United States Trustee. Further, Silverman Consulting spent a limited amount of time in this category assisting the Debtor's bankruptcy counsel in preparing Silverman Consulting's Interim Fee Application and attending court hearings for same.

27.     Silverman Consulting has attempted to restrict the number of financial consultants who are substantially involved in this Chapter 11 Case so as to maximize familiarity with the subject matter and to avoid wasted time. When more than one Silverman Consulting consultant participated in any matter, such joint participation was necessary because of the complexity of the issues and problems involved, severe time constraints, or the need to familiarize the additional financial consultant with the matter so that he could independently perform further necessary service and provide continuity.

28.     No agreement exists between Silverman Consulting and any third party for the sharing of compensation received by Silverman Consulting in connection with the Chapter 11 Case, except as allowed by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016 with respect to the sharing of compensation among the shareholders and associates of  Silverman Consulting.

29.     Silverman Consulting requests that the Liquidating Trustee be authorized and directed to pay all unpaid amounts allowed by this Court for compensation for services provided to the Debtor by Silverman Consulting.

## COMPENSATION REQUESTED

30.     Silverman Consulting expended 1,357.5 hours during the Application Period, including 99.9 hours during the Unpaid Services Period, in furtherance of its efforts on behalf of the Debtor. Silverman Consulting requests allowance of final compensation in the amount of $387,095.00 for financial consulting services rendered during the Application Period at a blended hourly rate of $286.99; allowance of actual, necessary expenses during the same period in the amount of $3,671.29; and payment of all allowed fees and expenses for which Silverman Consulting has not received payment to date, in the amount of $23,863.00.

## STANDARDS FOR APPROVAL OF FINAL FEE APPLICATION

31.     Section 330(a) of the Bankruptcy Code sets forth the applicable standards for compensation of professionals retained.  Section 330(a)(1) allows the payment of:

(a)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(b)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Reasonableness of compensation is determined by the "market-driven approach" which considers the nature, extent and value of the services provided by the professional and the cost of comparable services in nonbankruptcy contexts.  See Zolfo, Cooper & Co., v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Building Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994).  Thus, "the baseline rule is for firms to receive their

customary rates." Zolfo, Cooper, 50 F.3d at 259. As stated above, the rates charged by Silverman Consulting in the Chapter 11 Case are the usual customary rates charged to its other clients.

32.    In addition, factors other than the number of hours spent and the hourly rate normally charged should be considered in fixing the amount of reasonable financial consultants' fees to be awarded in a bankruptcy case.   The impact of these factors to these cases are summarized as follows:

a.    Time and the labor-required.  Silverman Consulting submits that the time spent in the Chapter 11 Case is reasonable for the substantial services performed.

b.    The skill required to perform the financial consulting services properly. This complex case has required special expertise. The financial consultants who have worked on the Chapter 11 Case have demonstrated skill in their respective fields as required to provide all financial consulting services necessary to assist the estate and the Debtor.

c.    The preclusion of other employment by financial consultants due to acceptance of this case.  The professionals who provide services to the Debtor in this case also provide services to many other clients.   Assignments have, on occasion, been refused by Silverman Consulting professionals so that they might provide timely and effective service to the Debtor and its estate.

d.    Time limitations imposed by the client or other circumstances.  There have been numerous instances in this case that have required services be rendered on short notice and in exigent circumstances.

e.    The experience, reputation and ability of the financial consultants. Silverman Consulting believes that it has considerable skill and experience in the fields of

bankruptcy, reorganization, and operational and financial analysis, and that its reputation in these areas is excellent.

    f. <u>Results of the Case</u>.  Silverman Consulting's efforts maximized the value of the estate.

<b><u>NOTICE</u></b>

  33. Twenty-one (21) days' notice of this Final Fee Application has been, or will be, given to all Known Creditors[7] and Known Equity Security Holders[8] in the Chapter 11 Cases by U.S. Mail, postage prepaid.  Furthermore, a copy of this Final Fee Application was served on twenty-one (21) days' notice via CM/ECF, upon:  (a) the United States Trustee; (b) counsel to the Liquidating Trustee and the now-terminated Committee; (c) counsel to the Debtor's secured lenders, BMO and BIP; (d) counsel to the Debtor; and (e) other parties in interest having filed and served requests for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  Silverman Consulting requests that, pursuant to Bankruptcy Rules 2002 and 9007, the Court deem the foregoing notice sufficient under the circumstances, and that no further notice be required.

  WHEREFORE, Silverman Consulting, Inc. respectfully requests that the Court enter an order: (a) granting Silverman Consulting final allowance of  reasonable and necessary

---

[7] "**Known Creditors**" means all persons or entities who have not requested notice and service of pleadings via CM/ECF in the Chapter 11 Cases, but: (a) are listed in any of the Debtors' bankruptcy schedules ("**Schedules**") and statements of financial affairs as holding liquidated, non-contingent, and undisputed claims, or their transferees; (b) have filed a proof of claim in any of the Chapter 11 Cases on or before the applicable claims bar date; (c) are counterparties to unexpired leases and executory contracts who neither filed a proof of claim nor are scheduled on the Debtors' Schedules F; or (d) are any other creditors with whom the Debtors did business after the applicable Petition Date and may therefore hold postpetition administrative expense claims.
[8] "**Known Equity Security Holders**" means all holders of record of equity security interests in the Debtor as enumerated in the Debtor's *Corporate Ownership Statement* [Docket No. 6], but excludes equity security interest holders who hold shares in street name through nominees registered with Cede & Company.

14

professional fees in the amount of $387,095.00 and expenses in the amount of $3,671.29

incurred during the Application Period in the Debtor's Chapter 11 Case, totaling $390,766.29;

(b) authorizing and directing the Liquidating Trustee to immediately pay all allowed fees and

expenses for which Silverman Consulting has not received payment to date, in the amount of

$23,863.00; (c) providing that such fees and expenses be payable as administrative expenses of

the Debtor's estate and payable directly from the Liquidating Trust to Silverman Consulting; and

(d) granting Silverman Consulting such other and further relief as may be just.

Respectfully submitted,

SILVERMAN CONSULTING, INC.

Dated:  October 2, 2018          HASSAAN MANSOOR
                                 5750 Old Orchard Road, Suite 520
                                 Skokie, Illinois 60077
                                 Telephone:  (847) 470-0200
                                 Telecopier:  (847) 470-0211

                                 Financial Advisors to Quadrant 4 System Corporation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUADRANT 4 SYSTEM CORPORATION, et al, | ) | Case No. 17-19689 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| _____ | ) | |

**<u>CERTIFICATION</u>**

Hassaan Mansoor certifies that:

I am a partner of Silverman Consulting, Inc. ("**Silverman Consulting**").  Silverman Consulting was employed by Quadrant 4 System Corporation, debtor and debtor in possession herein, as financial advisors pursuant to an order of this Court.  This certificate is made in support of the *Application of Silverman Consulting, Inc. for Allowance and Payment of Final Compensation and Reimbursement of Expenses as Financial Advisors to Quadrant 4 System Corporation* pursuant to 11 U.S.C. § 330 (the "**Final Fee Application**") and in compliance with Local Rule 5082-1 of this Court, setting forth the Contents of Application for Compensation and Expenses (the "**Guidelines**").

I have read the Final Fee Application and certify that the Final Fee Application complies with the Guidelines.

16

Dated:  October 2, 2018                 SILVERMAN CONSULTING, INC.

HASSAAN MANSOOR
5750 Old Orchard Road, Suite 520
Skokie, Illinois 60077
Telephone:  (847) 470-0200
Telecopier:  (847) 470-0211

Financial Advisors to Quadrant 4 System Corporation